## THE SAN MARCOS.[1]

## McARTHUR v. THE SAN MARCOS.

*(District Court, S. D. New York. May 15, 1886.)*

1. SEAMEN—WAGES—FORFEITURE OF WAGES—SHIPPING ARTICLES—STATUTORY PROVISIONS.

In so far as shipping articles provide for a forfeiture of wages in excess of that provided by statute, they are contrary to law.

2. SAME—ENTIRE FORFEITURE—DESERTION—ABSENCE NOT AMOUNTING TO DESERTION.

In coastwise vessels, as well as in foreign trade, an entire forfeiture of wages, upon the analogy of the statute, should be limited to cases of desertion. In a case not amounting to desertion, and not of any aggravated misconduct, the forfeiture should not exceed more than two days' pay and the expense of a substitute, etc.

3. SAME—SECTION 4596, REV. ST.—STATEMENT OF CASE.

Libelant, an engineer on the Mallory Line, was absent without leave when his vessel sailed, but, as the evidence indicated, had no intention of deserting. Under the provisions of the shipping articles, all wages were declared forfeited for absence without leave. Section 4596, Rev. St., provides that "any seaman, for neglecting, without reasonable cause, to join his vessel, or to proceed to sea with his vessel, or for absence without leave, at any time within 24 hours of the vessel sailing, * * * shall be punishable by imprisonment, and also, at the discretion of the court, by forfeiture of not more than two days' pay," etc. *Held* that, whether these provisions are now strictly applicable to coastwise voyages or not, since the maritime law does not enforce against seamen unreasonable or oppressive stipulations, the analogy of the statute should be followed, and but two days' wages should be deducted, the ship having been put to no expense by the libelant's absence.

*Hyland & Zabriskie,* for libelant.

*Butler, Stillman & Hubbard, (George Gordell,)* for claimants.

BROWN, J. The libelant sued for 11 days' pay as second engineer on board the steam-ship San Marcos, of the Mallory Line, running between New York and Galveston. He signed shipping articles for the voyage on the twenty-ninth of August last, in New York; did duty on the steamer upon her outward trip, and was left behind at Galveston on account of his absence without leave at the time of sailing. He was entered in the log as a deserter, and payment of wages during the time he had served having been refused, this libel was filed to recover them.

The articles contained a stipulation that if any seaman should "absent himself at any time without liberty, the wages due at the time of his disobedience or absence should be forfeited." In the case of *Webb* v. *Duckingfield,* 13 Johns. 389, a similar provision in the articles was sustained, and held to preclude recovery. But that case, as held by the court, was one of desertion, the seaman having left contrary to orders, and refused to help unlade the ship, before the termination of the voyage. Upon the facts in this case I cannot find that

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

the libelant was a deserter. The vessel sailed a little before 12. Between 10 o'clock and the time of sailing the libelant went ashore twice, to post two letters and get stamps. On his way to the ship the last time he met an acquaintance, who took him to another vessel some 600 yards distant, and not long afterwards the San Marcos was seen leaving her dock. The libelant testified that he was informed by the first assistant engineer that the ship was not to sail until half-past 1. He left his clothes on board, and, I am satisfied, had no intention of deserting the vessel. He was somewhat addicted to the use of liquor, but testified that he was sober that day. The evidence of the claimant is to the effect that the chief engineer had given notice to his department that the vessel would sail about noon, and that preparations for departure were making when the libelant went away the last time, some of the lines being already cast off. But the first officer, who saw him going, gave him no notice of the speedy departure. I have no doubt that the libelant's absence was negligent and inexcusable; but he had no intention of not returning before the ship sailed. He was absent without leave, however, and in fault; and the claimants contend that the provision of the articles forfeiting his wages for that cause is a valid legal defense to this action.

The absence without leave in the case of *Webb* v. *Duckingfield,* being a case of desertion, the decision was in fact only an application of the ordinary rule of the maritime law, and in harmony with the sixth section of the act of 1790, and was so viewed by the court. Since that time the whole subject of desertion, and of the penalties therefor, has been regulated by the act of June, 1872, now section 4596 of the Revised Statutes, though, by a subsequent general exception, coastwise voyages may be now excepted. Subdivision 2 of that section provides that "any seaman, for neglecting without reasonable cause to join his vessel, or to proceed to sea with his vessel, or for absence without leave at any time within 24 hours of the vessel sailing from any port, either at the commencement or during the progress of any voyage, shall be punishable by imprisonment of not more than one month; and also, at the discretion of the court, by forfeiture of his wages of not more than two days' pay; and for every 24 hours' absence, either a sum not exceeding 6 days' pay, or any expenses which have been properly incurred in hiring a substitute." The seventh subdivision of section 4511 allows shipping articles to contain regulations as to deducting fines, "or other lawful punishments for misconduct, which may be sanctioned by congress as proper." The eighth allows "other matters not contrary to law."

It has long been the settled practice in admiralty to regard with disfavor all provisions of the shipping articles that are either unusual or tend to operate oppressively upon seamen. In the case of *Harden* v. *Gordon,* 2 Mason, 541, 556, STORY, J., says:

"Every deviation from the terms of the common shipping paper (which stands upon the general doctrines of maritime law) is rigidly inspected; and

if additional burdens or sacrifices are imposed upon the seamen without adequate remuneration, the court feels itself authorized to interfere, and moderate or annul the stipulation." Macl. Shipp. 223; Abb. Shipp. *610, note; 2 Pars. Shipp. 99; 3 Kent, Comm. *193; *The Mentor*, 4 Mason, 84, 100; *The Minerva*, 1 Hagg. 347; *Brown* v. *Lull*, 2 Sum. 443, 449; *Brink* v. *Lyons*, 18 Fed. Rep. 605.

One of the objects of the various acts of congress in reference to seamen is to protect them against their own imprudence, as well as against being overreached by their employers. By providing for the punishments and forfeitures specified, these acts, by implication, forbid the exaction of greater punishments or forfeitures for the same causes. If further penalties and forfeitures could be legally enforced by the mere change of the form of the shipping articles, the protection designed by congress would be evaded. In so far as the articles provide for a forfeiture of wages in excess of that provided by law for the same offense, it is contrary to law, and not in conformity with section 4511. An entire forfeiture of wages must be limited to cases of desertion. Whether these provisions of law are now applicable to coastwise voyages or not, the principles involved in them should govern the courts in dealings with seamen. They but reflect the spirit of the maritime law as laid down in the authorities above cited. Following the general rule of the maritime law, which abhors the entire forfeitures that would often leave seamen helpless and dependent, (*The Mentor*, 4 Mason, 100,) and which refuses to enforce such forfeitures except for gross misconduct, a forfeiture of entire wages, such as is here claimed, under these articles, should be limited to cases of that character. In a case not amounting to desertion, and not of any aggravated misconduct, the forfeiture, upon the analogy of the statute, should not exceed more than two days' pay, etc., and the "expense of hiring a substitute." In this case no substitute was hired; the ship incurred no loss; and there was no voluntary absence on the part of the libelant for any period after the day when the ship sailed. I deduct, therefore, two days' pay, and allow a decree for nine days' wages, with the disbursements of suit.