Bronislawa HEITNER, Libelant,

v.

ZIM ISRAEL NAVIGATION CO., Ltd.,
and American-Israeli Shipping Co.,
Inc., Respondents.

United States District Court
S. D. New York.

June 24, 1957.

Peter J. Unger, New York City, proctor for libelant.

Kirlin, Campbell & Keating, New York City, Proctors for respondents, William J. O'Brien, New York City, of counsel.

LEVET, District Judge.

This is a motion by the respondents for an order dismissing the libel herein on the ground that this court should refuse to accept jurisdiction of the subject matter.

Libelant, a citizen of Israel, now residing in Argentina, seeks to recover damages in this district for personal injuries allegedly sustained at sea while she was a passenger aboard the SS Israel, a vessel owned by respondent, Zim Israel Navigation Co. Ltd. Said respondent is a foreign corporation, organized and existing under the laws of Israel. The co-respondent, American-Israeli Shipping Co., Inc., represents the vessel's owner in this country and is a New York corporation which neither owns, operates nor manages the SS Israel.

The libelant purchased her ticket in Israel for a passage from Israel to the United States. Clause (v) of paragraph 6 of the Passage Contract, which is printed in English and Hebrew, provides as follows:

"This contract shall be construed, and all rights and liabilities and all disputes between the passenger or his executors, administrators and assigns and the Company or the Vessel, or any of their agents or servants, thereunder or in connection therewith or incidental thereto shall be determined, solely, in accordance with the Law of Israel.

"It is agreed that all disputes and matters whatsoever under, in connection with or incidental to these presents shall be litigated upon in and before the Courts of Israel to the exclusion of the Courts of any other country.

"Nothing in these presents contained shall in any manner whatsoever affect, alter, qualify or minimize the provisions of this Clause or any of them."

It has been held in Wm. H. Muller & Co., Inc., v. Swedish American Line Ltd., 2 Cir., 1955, 224 F.2d 806, certiorari denied 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793, that it was not unreasonable to enforce a clause in a bill of lading which provided that all controversies arising thereunder would be decided according to Swedish law. Accordingly, in that case the court's refusal to entertain jurisdiction was held to be within the lawful limits of judicial discretion.

Notwithstanding the provisions of the Passage Contract, the suit is one which involves a claim by an alien non-resident

**4**

against a foreign corporation and its New York representative for a cause of action arising outside the United States. Under such circumstances, a federal court has inherent power to refuse to entertain the suit on the ground of forum non conveniens. DeSairgne v. Gould, D. C.S.D.N.Y.1949, 83 F.Supp. 270, affirmed 2 Cir., 1949, 177 F.2d 515. See Canada Malting Co., Ltd., v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837.

The motion to dismiss the libel herein is granted.

So ordered.