John E. Cone, J.
In this action for personal injuries defendants move for an order dismissing the complaint on the ground that the court should refuse to accept jurisdiction of the subject matter.
Plaintiff Batia Krieger, a citizen of Israel, now temporarily residing in this country, seeks to recover damages for personal injuries sustained at sea while she was a passenger aboard the S. S. Israel, a vessel owned by the defendant Zina. Israel Navigation Company, Ltd. This defendant and the defendant Shoham Maritime Services, Ltd., are foreign corporations organized and existing under the laws of Israel. The remaining defendants are domestic corporations organized under the laws of the State of New York and represent the vessel’s owner in this country. They neither own, operate nor manage the S. S. Israel.
Plaintiffs contend that the defendant owner is a resident corporation of this State and that this court has jurisdiction of the action and is without power to refuse to entertain it. On the other hand, defendants maintain that since the defendants Zim Israel Navigation Company, Ltd., and Shoham Maritime Services, Ltd., are not resident corporations of this State, the court may, and in the exercise of its discretion, refuse to entertain jurisdiction. This refusal is predicated on the doctrine of forum non conveniens.
The essence of this doctrine is that the court may in its discretion and in accordance with the circumstances of each case take or refuse to take jurisdiction of an action when the parties plaintiff and defendant are not residents of this State and a cause of action arose outside the State (de la Bouillerie v. de Vienne, 300 N. Y. 60; Bata v. Bata, 304 N. Y. 51; Taylor v. *118 Interstate Motor Frgt. System, 309 N. Y. 633). While it is true in applying the concept of such doctrine, the courts of this State have manifested a reasonable willingness to permit nonresident suitors in transitory nontort actions to avail themselves of the opportunity to resolve their differences in our forum (Bata v. Bata, supra; Wedemann v. United States Trust Co., 258 N. Y. 315; Rothstein v. Rothstein, 272 App. Div. 26, affd. 297 N. Y. 705) such reasonableness will not always be applied to tort actions. The convenience of the court and not that of the litigants and practical considerations are the essential ingredients for the acceptance or the rejection of actions not otherwise permitted (Murman v. Wabash Ry., 246 N. Y. 244; Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152).
It is clear that with respect to the defendants American Israeli Shipping Company, Inc., and Garcia & Diaz, Inc., the court must entertain jurisdiction of the action as they are resident corporations of this State (de la Bouillerie v. de Vienne, supra) even though it may well be they are not involved in any way with the accident. Such issue, however, cannot be determined in the instant motion. As to the remaining defendants, the court, under the circumstances presented herein, must decline to exercise its discretion in entertaining jurisdiction of the action on the ground of forum non conveniens. Not only are the defendants and plaintiffs nonresidents of the State, but the happening of the accident occurred outside the State and on the high seas. Further, the plaintiff purchased her ticket in Israel for passage from Israel to the United States. Clause V of paragraph 6 of the passage contract provides as follows: “6. General Provisions (Y) This contract shall be construed, and all rights and liabilities and all disputes between the passenger or his executors, administrators, and assigns and the company or the vessel, or any of their agents, or servants, thereunder or in connection therewith or incidental thereto shall be determined solely in accordance with the law of Israel. It is agreed that all disputes and matters whatsoever under, in connection with or incidental to these presents shall be litigated upon in and before the courts of Israel to the exclusion of the courts of any other country. Nothing in these presents contained shall in any manner whatsoever affect, alter, qualify or minimize the provisions of this clause or any of them.”
These provisions have been upheld as reasonable and proper by both the Federal courts and our own court (Heitner v. Zim Israel Navigation Co., 152 F. Supp. 3; Schwartz v. Zim Israel Navigation Co., 15 Misc 2d 576). This court cannot say that the agreement insofar as it requires that all disputes between *119 the parties be litigated in the courts of Israel is unreasonable. The plaintiffs have not in view of the foregoing established such special and unusual circumstances warranting the retention of the cause in this court.
Accordingly, the motion is granted as to the defendants Zim Israel Navigation Company, Ltd., and Shoham Maritime Services, Ltd.