**Georgios GEORGOUSSIS, Libellant,**

v.

**EXTRAMAR PANAMA, S.A., Arisona Argentina, S.A., Olympic Maritime, S.A., and THE S.S. ALBA, her engines, boilers, tackle, etc., Respondents.**

United States District Court
S. D. New York.

Dec. 16, 1960.

Lebovici & Safir, New York City, for libellant.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, Robert S. Blanc, Jr., New York City, of counsel, for respondents.

MacMAHON, District Judge.

This is a motion by respondents, three foreign corporations, for an order dismissing this action on the grounds of *forum non conveniens.*

Libellant, a native of Greece presently domiciled in Brazil, has brought this action under Panamanian law to recover damages for severe injuries allegedly suffered while a seaman aboard a Panamanian vessel at Buenos Aires, Argentina.

Respondents neither maintain offices, nor have officers amenable to process within the United States. Jurisdiction over them, however, has been obtained by process *in personam* with clause of foreign attachment in accordance with General Admiralty Rules 2, 5 and 36, 28 U.S.C.A., by attaching debts within this district owed to respondents by Central American Steamship Agency, Inc.

This motion is, of course, addressed to the discretion of the Court, Canada Malting Co. v. Paterson Steamships, Ltd., 1932, 285 U.S. 413, 418, 52 S.Ct. 413, 76 L.Ed. 837; Heitner v. Zim Israel Navigation Co., D.C.S.D.N.Y.1957, 152 F.Supp. 3, but, as was said by Judge Learned Hand in The Falco, 2 Cir., 1927,

20 F.2d 362, 364, "Courts are primarily established to decide the disputes of all suitors over whom they have jurisdiction, and some reason must be shown for their abdication."

The sole reason relied on by respondents, other than the conclusion that it would be a hardship for them to try the case here, is that the ship on which the injury occurred, The Alba, has not been in United States ports since November, 1958 and, therefore, its crew, the necessary witnesses, would be more readily available in Argentina where The Alba regularly calls.

Libellant objects to bringing this action in Argentina on two grounds: (1) the respondents had him excluded from Argentina, and (2) he is not certain of a remedy there since statutes of limitations may have run and execution of any judgment there might be difficult.

Libellant objects to the Courts of Panama, also suggested by respondents, since he has no connnection whatsoever with that country, and he claims that respondents' assets in that country would be insufficient to meet any judgment he might recover.

The hardship caused by the fact that witnesses are not readily available in this district is a mutual one which libellant is willing to accept rather than travel to a country which has once excluded him and from which a judgment, if recovered, might well prove uncollectible.

■ The Court has a duty to protect every seaman, The Falco, supra, even though the law applicable to his libel may be foreign to ours, especially where his remedy elsewhere is at best uncertain and not to be had without expense and inconvenience. See Lauritzen v. Larsen, 1953, 345 U.S. 571, 589, 73 S.Ct. 921, 97 L.Ed. 1254.

In Koziol v. The Fylgia, 2 Cir., 230 F. 2d 651, certiorari denied 1956, 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49 and McQuade v. Compania De Vapores San Antonio, S. A., D.C.S.D.N.Y.1955, 131 F. Supp. 365, jurisdiction was declined only after it was ascertained that the libellants had remedies elsewhere.

■ Under the circumstances presented by the affidavits on this motion, it is apparent that respondents have resisted suit by this seaman elsewhere and have not played fairly with him. He now has found a Court which has jurisdiction over the respondents. To deprive him of the privilege he now enjoys would work what well might be an unconscionable hardship on him. Respondents, on the other hand, are able to defend this libel in this forum as well as in any other.

Accordingly, respondents' motion is denied. So ordered.