Spyridon **RETZEKAS**, Libelant,

v.

**VYGLA STEAMSHIP CO., S.A.** and **THE M/V GALINI,** her engines, boilers, tackle, appurtenances, etc., Respondents.

No. 1819.

United States District Court
D. Rhode Island.

Dec. 30, 1960.

Harold W. Demopulos, Providence, R. I., Isaac Salem, New York City, for libelant.

Lee A. Worrell, Providence, R. I., for respondents.

DAY, District Judge.

The instant libel was filed by a Greek national to recover damages caused by the alleged negligence of the respondents and the unseaworthiness of the steamship, Motor Vessel Galini, and for maintenance and cure.

The complaint alleges the plaintiff was injured when he was assisting in the shortening of the gangway and/or the dismantling thereof at the port of Vancouver, Canada. The respondent vessel is owned by a Panamanian corporation and flew the Liberian flag.

The respondents' exceptions to the libel were heard by me on November 7, 1960, and at the conclusion of arguments thereon I reserved decision. In their exceptions the respondents pray that the Court dismiss the libel for want of jurisdiction since there was no express allegation in the libel that the cause of action asserted by the libelant arose on navigable waters, or, in the alternative, that the Court decline to exercise jurisdiction on the ground of forum non conveniens.

■ As to the respondents' exception directed at the jurisdiction of the Court, the libelant is ordered to amend its libel to more fully set forth the jurisdiction of the Court, no answer having as yet been filed by the respondents. I will take judicial notice of the fact that an amended libel has since been filed curing this deficiency.

The real problem, it seems to me, is presented by the second exception of the respondents, namely, that this Court should decline to exercise jurisdiction on the doctrine of forum non conveniens. In support of their contention that this Court should decline to exercise jurisdic-

tion, the respondents point out that the plaintiff is a Greek; that presumably the witnesses will be Greek as far, at least, as members of the crew are concerned; and generally argue or point out that the case has so many foreign elements that the libelant should seek his relief in the courts of Greece.

In addition, the respondents rely heavily upon a certain collective bargaining agreement, a copy of which is annexed to the motion, between a union and the shipowners, to which respondents claim the libelant is subject, and which agreement in part provides for the arbitration of the claims of seamen and for the litigation thereof only in the courts of Greece.

In passing, it is worthy of note that the record herein is barren of any proof that libelant bound himself by that agreement by signing it or by being a member of a union which signed it.

The test as to when an admiralty court shall decline to exercise jurisdiction over a particular controversy is well stated in The Belgenland, 1885, 114 U.S. 355, at page 367, 5 S.Ct. 860, at page 866, 29 L.Ed. 152. The Court said there:

"The subject has frequently been before our own admiralty courts of original jurisdiction, and there has been but one opinion expressed, namely, that they have jurisdiction in such cases, and that they will exercise it unless special circumstances exist to show that justice would be better subserved by declining it."

Similarly in the case of Motor Distributors v. Olaf Pedersen's Rederi A/S, 5 Cir., 1956, 239 F.2d 463, at page 465, the Court said:

" * * * jurisdiction should be taken unless to do so would work an injustice."

Respondents do not contend that said collective bargaining agreement bars the libelant from maintaining this suit in this Court, but argue that it should serve as an additional reason for this Court's declining to exercise its jurisdiction. I am constrained to disagree with this contention. This is a case where the law of the flag governs the rights of a seaman, such as the libelant, and here in this case the flag of the ship is Liberian.

■ The Liberian Code of Laws provides in Title 22, section 30, as follows:

"§ 30. Adoption of general American Maritime Law.—Insofar as it does not conflict with any other provisions of this Title, the non-statutory general Maritime Law of the United States of America is hereby declared to be and is hereby adopted as the general Maritime Law of the Republic of Liberia."

Under general maritime law said collective bargaining agreement has, in my judgment, no validity insofar as it attempts to apply Greek law. See Lauritzen v. Larsen, 1953, 345 U.S. 571, at page 588, 73 S.Ct. 921, at page 931, 97 L.Ed. 1254, particularly where the Supreme Court said:

" * * * Except as forbidden by some public policy, the tendency of the law is to apply in contract matters the law which the parties intended to apply. We are aware of no public policy that would prevent the parties to this contract, which contemplates performance in a multitude of territorial jurisdictions and on the high seas, from so settling upon the law of the flag-state as their governing code. This arrangement is so natural and compatible with the policy of the law that even in the absence of an express provision it would probably have been implied. The Belgenland, 114 U.S. 355, 367, 29 L.Ed. 152, 5 S.Ct. 860, 865; The Hanna Nielsen, D.C.N.Y. [2 Cir.], 273 F. 171. We think a quite different result would follow if the contract attempted to avoid applicable law, for example, so as to apply foreign law to an American ship."

Considering, as I do, that said agreement has no validity, it follows that its existence is not a valid reason for this Court's declining to exercise its jurisdiction.

The other considerations urged by the respondents are, in my opinion, insufficient to warrant me in concluding that justice would be better subserved by my declining jurisdiction.

In the recent case of Kontos v. The Sophie C., D.C.Pa.1960, 184 F.Supp. 835, at page 837, which in many respects is strikingly similar to this case, Circuit Judge Goodrich, sitting as a District Court Judge, in denying a similar motion by the respondents, had this to say:

" * * * There can be little doubt that a United States Court is as fully, or perhaps more, competent to apply the 'non-statutory general Maritime Law of the United States' as is a court in Greece. * * *

"It is true that if the case is tried in this country there will no doubt have to be interpretations of depositions taken in Greek and translated into English. But trial by deposition might well be necessary if the case is tried in Greece because if these witnesses are seamen there is no telling where they will be at any particular time. * * *

"It should be remembered that the selection of the forum is in the first instance a matter where the plaintiff's choice is to be made and where, other things being equal, or nearly equal, it should control. If there is difficulty in proving the case and the libelants are unable to support their claim by adequate testimony, they will fail. That burden is on them. The conclusion, therefore, is that the balance of convenience indicates that the case should be retained here."

█ In short, I agree with the reasoning and the conclusion reached by Judge Goodrich.

In my opinion there is no showing here that justice will be better served by my declining jurisdiction. The respondents' second exception is denied, and the prayer that the Court decline jurisdiction is denied.