Dimitrios **LODAKIS**

v.

**OCEANIC PETROLEUM STEAMSHIP CO., Ltd.**

No. 295 of 1963.

United States District Court
E. D. Pennsylvania.

Nov. 21, 1963.

Freedman, Landy & Lorry, Philadelphia, Pa., by Marvin I. Barish, Philadelphia, Pa., for libelant.

Rawle & Henderson, Philadelphia, Pa., by John T. Biezup, Philadelphia, Pa., for respondent.

WOOD, District Judge.

Respondent in this Admiralty action seeks to invoke this Court's power to dismiss for lack of jurisdiction, or *in the alternative, to decline to take jurisdiction* of a libel filed by a Greek seaman for wages and maintenance and cure. It seems that the libelant, a citizen of Greece, was injured on October 5, 1962 in international waters aboard the S.S. Michael Carras en route to the United States.

No allegation is contained in the libel [1] as to what flag the ship was flying, but libelant's *brief* alleges that it carried the Liberian flag. This is directly contradicted by respondent in its affidavit which states that the ship began flying the Greek flag on August 11, 1961, more than one year prior to the accident. Respondent further deposes that it is a Liberian corporation with all of its stock owned by Greek citizens and that all of its officers and directors are Greek citizens.

Attached to the respondent's affidavit is a photostatic copy and translation of an employment agreement which the libelant executed at Piraeus, Greece. This agreement recites that the ship is registered at Piraeus, Greece, and that the

---

1. Respondent strenuously argues that libelant did not verify his libel as required by Local Rule 10 and such verification was made by his proctor without any explanation of why it could not be made by the libelant. This is a violation of our local rules.

wages and conditions of work are governed by the Greek Collective Agreement which agrees to look to the Greek Courts and Greek law.

The respondent has appeared specially to question the exercise of jurisdiction by this Court after the S.S. Michael Carras was attached on or about May 27, 1963, at the Tacony Oil Company, Paulsboro, New Jersey, and a Libel in Personam had been issued.

■ After argument on this motion, respondent abandoned its attack on our jurisdiction and now relies solely on an appeal to our discretion to decline to exercise this jurisdiction because the parties have agreed to look to the Courts of Greece for resolution of their problems under the employment contract. Respondent contends that the principles of forum non-conveniens compel this result.

However, respondent's argument and brief seems to be more concerned with obtaining an adjudication as to what law should be applied rather than convincing this Court of the potential trial problems to be encountered in handling a case requiring interpreters and far-flung alien witnesses. This opinion is confined to the simple question of determining whether it is convenient to retain jurisdiction in this forum in the interest of doing justice to both parties.

In Kontos v. The S.S. Sophie C., 184 F.Supp. 835 (E.D.Pa.1960) Judge Goodrich refused to dismiss two libels under very similar facts as are contained in this case. However, while it was alleged in Kontos that the Greek seamen had signed articles to sail on a Liberian ship and had agreed that Greek law should govern, such articles were not before the Court or in the record *and the Court retained jurisdiction of the libels.*

On appeal, the Circuit Court of Appeals for the Third Circuit, *per curiam,* affirmed the result on the existing record, but *vacated* the orders and remanded the case to determine the *effect* of the newly found shipping articles upon the issue as to whether the suits should be retained, expressing no opinion as to this issue. Kontos v. The S.S. Sophie C., 3 Cir., 288 F.2d 437 (1961). On remand, Judge Goodrich reaffirmed his retention of jurisdiction despite the fact that the signed articles contained a provision to apply Greek law under the Greek Collective Agreement of 1951. (See Opinion filed April 21, 1961, District Court Nos. 269, 273.) [2]

The policy of this Circuit has been unsettled as to whether jurisdiction should be retained where foreign law may be involved and the suit may require translations of alien witnesses. Judge Van Dusen declined jurisdiction in Samaras v. The S.S. Jacob Verolme, 187 F.Supp. 406 (E.D.Pa.1960), where a Greek seaman sued a Dutch ship and a Dutch owner to recover damages for injuries sustained in international waters. Jurisdiction was declined because the Court expressed its unfamiliarity with the law of the Netherlands.[3]

The *Second Circuit* has declined jurisdiction in such factual situations on many occasions. Conte v. Flota Mercante Del Estado, 277 F.2d 664 (2 Cir. 1960); Hatzoglou v. Asturias Shipping Co., S.A., 193 F.Supp. 195 (S.D.N.Y. 1961); Brillis v. Chandris, (U.S.A.) Inc., 215 F.Supp. 520 (S.D.N.Y.1963).

In a very similar case the *Fourth Circuit* had dismissed a libel involving a Greek seaman, injured in international waters, while on board a Liberian flag vessel, owned by a Panamanian corporation. Mpampouros v. Steamship Auromar, et al., 203 F.Supp. 944 (D.C.Md. 1962).

Judge Day, of the *First Circuit,* retained jurisdiction of a libel filed by a Greek seaman, alleging negligence against a Liberian flag ship, owned by a

---

**2.** This case was eventually marked discontinued on April 5, 1963.

**3.** Judge Kraft retained jurisdiction in Tsangarakis v. Panama Steamship Company, Ltd., 197 F.Supp. 704 (E.D.Pa. 1961), involving the death of a Greek seaman injured on a Liberian flag vessel owned by a British Corporation at sea off the coast of Florida.

Panamanian corporation. Retzekas v. Vygla Steamship Co., S.A., et al., 193 F. Supp. 259 (D.R.I. 1960).

This brief examination of prior cases reveals a definite disagreement on this difficult question. "Nevertheless 'the question is one of discretion in every case, and the court will not take cognizance of the case if justice would be as well done by remitting the parties to their home forum.'" Langnes v. Green, 282 U.S. 531, 544, 51 S.Ct. 243, 248, 75 L.Ed. 520 (1931). There are several serious factual conflicts between the parties. Libelant alleges that he is a seaman in the United States Merchant Marine. He also contends that there is a possible American interest involved in the respondent shipping company which he could ascertain only after pretrial discovery. Contravening these allegations the respondent's affidavit deposes that libelant is a member of the Greek Mercantile Marine, and, as previously stated, the S.S. Michael Carras was flying the Greek flag on October 5, 1962, and further, that respondent is a Liberian corporation managed and wholly owned by Greeks.

There has been no guarantee by respondent that it would accept service and post security in Greece, and further, if libelant's allegations are true it is questionable whether justice will be as well done if we remit the parties to their home forum.

At the present time there are unanswered interrogatories which have been served on respondent and libelant has filed a motion to amend his libel. It appears that retention of jurisdiction will speedily facilitate disposition of these matters and insure that libelant's rights will be protected. The nature of this seaman's claim for wages and maintenance and cure truly makes him a ward of the Admiralty Court. Perdikouris v. The S/S Olympos, 196 F.Supp. 849, 853 (E. D.Va.1961). While this decision may seem to run counter to the express agreement of the parties to look to the Greek Courts, we note that the employment agreement recites: "The illiteracy of the one signing on is hereby certified." This fact, while not controlling our decision, hardly bespeaks of an enlightened understanding by libelant of the legal effect of the contract which he signed and gives additional weight to our conclusion that justice requires our retention of jurisdiction.

We direct the proctor for the libelant to remedy his obvious infraction of Local Rule 10, if his motion for leave to file his amended libel is granted.

As the above discussion indicates the respondent's objections to our jurisdiction on the grounds of forum non-conveniens are dismissed and its motion is denied.