Stavros **REPOUSKOS**, Libelant,

v.

**ASTURIA SHIPPING CO., S.A.,** Hadjilias & Co., Ltd., and the S/T Mercury, her engines, etc., Respondents.

Panagiotis **KOTSOPOULOS,** Libelant,

v.

**ASTURIA SHIPPING CO., S.A.,** Hadjilias & Co., Ltd., and the S/T Mercury, her engines, etc., Respondents.

United States District Court

S. D. New York.

Feb. 10, 1965.

Paul C. Matthews, New York City, for libelants.

Cichanowicz & Callan, New York City, for respondents.

BONSAL, District Judge.

Claimant, Asturia Shipping Co., S.A., moves for an order pursuant to Admiralty Rule 58 declining jurisdiction herein and dismissing the libels. The libels allege that libelants were injured on February 11, 1961 when a steampipe in the engine room of the S/T MERCURY exploded while the vessel was on a return voyage between Venezuela and Westville, New Jersey. Claimant urges that the Court should decline jurisdiction on the ground that no American interest was involved, pointing out that the libelants are Greek and were members of an all Greek crew serving on a vessel flying the Liberian flag. Hatzoglou v. Asturias Shipping Company, S.A., 193 F.Supp. 195 (S.D.N.Y.1961). Claimant further urges that the Court is required to decline jurisdiction on the authority of Conte v. Flota Mercante Del Estado, 277 F.2d 664 (2d Cir. 1960).

Both libels include wage claims under 46 U.S.C. § 596 which are within the jurisdiction of this Court. However, claimant contends that even if these claims are retained, jurisdiction over the remaining claims should be declined.

■ It appears that following the accident the libelants were transferred to a United States Navy vessel and, thereafter moved to New York for hospitalization and treatment, so that substantially all of the medical testimony would be given by New York witnesses. Moreover, it is clear that the libelants were injured while on the vessel, so that the issue of liability resolves itself into whether the libelants were injured in the manner they allege and, if so, whether it was due to negligence or the unseaworthiness of the vessel. It seems to the Court that proof on this issue could be supplied in New York without undue inconvenience to claimant. Libelant Kotsopoulos married an American subsequent to the accident and is now a permanent resident of the United States.

■ Claimant contends that the libelants are bound by Greek Articles which require them to bring this action in Greece and which require that Greek law be applied in determining claimant's liability for libelants' personal injuries. Libelants dispute this contention, alleging, inter alia, that the Articles expired before the accident occurred. The allegations of libelants raise issues of fact which cannot be determined on this motion.

Claimant has failed to establish that the balance of convenience clearly rests with the courts of Greece, Kontos v. SS Sophie C., 184 F.Supp. 835 (E.D.Pa. 1960); nor has it established that by the standards used in Conte v. Flota Mercante Del Estado, supra, the facts of this case warrant a finding that it would be *"prima facie* undesirable" for the Court to retain jurisdiction over the personal injury claims.* Therefore, the Court does not find that it would be an abuse of its discretion to retain jurisdiction over all the claims in the libels.

Because the facts of this case differentiate it from Conte or Hatzoglou, the Court in the exercise of its discretion will retain jurisdiction of the libels. Claimant's motion is therefore denied.

It is so ordered.

---

* In Conte, the Court said:

"It is *prima facie* undesirable that an overburdened District Court should conduct a trial in a personal injury action between foreigners, with all the evidence on the issue of liability and much of the evidence on damages given in a foreign tongue by witnesses equally or more available in the foreign forum, and with reliance having to be placed on expert testimony as to the governing law, when, as here, an adequate remedy is available in the country where both parties reside and to which the plaintiff will return." 277 F.2d at 667. In this case, unlike Conte, one of the libelants is a permanent resident of the United States, and the evidence on damages will consist entirely of the testimony of the American physicians who treated the libelants. Moreover, if it should be found that the Greek Articles were not in force, the law of the flag (Liberia) will apply, and Liberia has adopted the General Maritime Law of the United States. See Liberian Code of Laws of 1956, Title 22, § 30.