**Vasilios SFIRIDAS, by his Next Friend, Bert E. Zibelman**

v.

**SANTA CECELIA CO., S. A.**

and

**Santa Maria Ship Owning & Trading Co. (Bermuda) Ld.**

**No. 129 of 1964.**

United States District Court
E. D. Pennsylvania.

July 19, 1966.

Robert C. Daniels, Freedman, Borowsky & Lorry, Philadelphia, Pa., for libellant.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for respondents.

## OPINION AND ORDER

CLARY, Chief Judge.

This is a libel in admiralty brought by libellant Vasilios Sfiridas claiming damages for injuries allegedly incurred because of the negligence of the respondents and the unseaworthiness of their vessels.

Libellant is a Greek seaman residing in Chios, Greece. In January of 1964, he joined the crew of the S.S. "Santa Constance" at Dublin, Ireland. En route to Norfolk, Virginia, he was injured while descending the ship's ladder. The "Santa Constance" is owned by Santa Cecelia Co., S. A., a Panamanian corporation, controlled by Greek citizens. Santa Maria Ship Owning & Trading Co., Ld., is a Bermuda corporation which manages the "Santa Constance". Following the ship's arrival in Norfolk, libellant entered the United States Public Health Service Hospital as an in-patient, where he remained for a few days. Approximately ten days after arriving in the United States, libellant traveled to Baltimore where he joined the S.S. "Captain Anastasios", another vessel owned and operated by respondents. Libellant claims he was still affected by his injury on the "Santa Constance" and requested medical attention while en route from Baltimore to Philadelphia. From February 22 to 25, 1964, libellant was an inpatient at St. Joseph's Hospital in Philadelphia, and was treated by another doctor in this city. Following this, he returned to work on the "Captain Anastasios", still at anchor at Philadelphia. However, shortly before that ship was scheduled to leave port, libellant allegedly blacked out and had to have medical attention. Between February and May of 1964, libellant consulted a number of doctors in Philadelphia, after which he was repatriated to Greece.

Libellant alleges two separate causes of action against respondents. He first claims that he originally suffered his injury because of the negligence of the respondents and the unseaworthiness of their vessels. He further argues that such injury was aggravated by respondents' failure to give him prompt medical attention and their insistence that he work while in ill health.

Respondents brought this Motion to Dismiss on the ground of *forum non conveniens*. They have agreed to accept service in Greece as well as in the United States again if the Greek courts decline to exercise jurisdiction. Moreover, respondents have agreed to post $50,000. security in the event that the case is litigated in Greece.

There is no question, and respondents do not deny, that this Court has jurisdiction over the case. Romero v. International Terminal Operating Co., 358 U.S. 354, 359, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Lauritzen v. Larsen, 345 U.S. 571, 574–575, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); Kontos v. The S. S. Sophie C., 184 F.Supp. 835, 836–837 (E.D.Pa.1960).

However, even assuming that the Court has jurisdiction, it has the discretion to decline to exercise it if the interests of justice would be best served. Libellant's choice of forum, other considerations being equal, should control. *Kontos, supra,* at 838. In making this decision, the Court should consider the availability of sources of proof and witnesses, the residency of the parties, public interest and policy, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Probably the leading case on a factual situation similar to this is *Kontos, supra.* This involved Greek seamen injured on a vessel flying the Liberian flag and owned by a British corporation, which in turn was controlled by an Argentine. The alleged negligence occurred in Japan. Respondents moved to dismiss the admiralty action brought for the injuries sustained. Respondents agreed to accept service in Greece and to post security. Circuit Judge Goodrich, sitting as a District Court Judge, refused to dismiss the libel. The Court realized that depositions in our Court might have

to be translated from the Greek, but expressed concern that the Greek action might be barred by time. The Court concluded that the respondents had failed to meet their burden of establishing a need to transfer in the interests of justice. Similar decisions were reached in Tsangarakis v. Panama Steamship Co., 197 F.Supp. 704 (E.D.Pa.1961) and Retzekas v. Vygla Steamship Co., S.A., 193 F.Supp. 259 (D.R.I.1960). But see contra Samaras v. The S.S. Jacob Verolme, 187 F.Supp. 406 (E.D.Pa. 1960); Anglo-American Grain Co. v. S/T. Mina D'Amico, 169 F.Supp. 908 (E.D.Va.1959); Atencio v. The S.S. Ciudad De Bogota, 155 F.Supp. 590 (S.D. N.Y.1957). However, the instant case differs from many where jurisdiction has been retained in that here foreign law may have to be applied. In *Kontos,* the ship was flying the Liberian flag, and Liberian law would very likely govern. Since this adopts the general maritime law of the United States, the Court in that case could anticipate looking to its own law. Liberian Code of Laws of 1956, Title 22, § 30. In the present action, it is possible that at least as to the injury at sea, Greek law may be applied. The policy in this Circuit is presently unsettled whether or not to decline jurisdiction where foreign law is applicable. Compare Samaras v. The S.S. Jacob Verolme, supra, with Lodakis v. Oceanic Petroleum Steamship Co., Ltd., 223 F.Supp. 771 (E.D.Pa.1963). On balance of considerations, this Court has decided to retain jurisdiction. As one Court recently stated in a similar case:

"The Court has a duty to protect every seaman * * * even though the law applicable to his libel may be foreign to ours, especially where his remedy elsewhere is at best uncertain and not to be had without expense and inconvenience." Georgoussis v. Extramar Panama, S. A., 194 F.Supp. 181 (S.D.N.Y.1960).

 In the instant case, the seaman was injured en route to Norfolk, Virginia. He alleges a breach of duty on respondents' part by forcing him to work on a voyage from Norfolk to Philadelphia while he was still suffering the effects of his injuries. Furthermore, he claims a breach of respondents' duty of care towards him by their failure to provide adequate medical care and rest while the ship was in port in Philadelphia. All seamen are considered to be wards of this Court, and the Court should take special care to oversee the protection of seamen while their ships are anchored in our ports. Even assuming that respondents are willing to post security and accept jurisdiction in Greece, libellant's remedy there is, at best, extremely speculative. He is presumably a poor seaman and may have no resources to litigate an action in his home country. Although there might be some difficulty if Greek law must be applied, most of the medical evidence is probably extant here in Philadelphia. What difficulties the Court would have to undergo in hearing this case would seem outweighed by the policy of assuring to the seaman his day in Court. Therefore, jurisdiction in this case will be retained and the Motion to Dismiss denied.