■  JOAN T. GILCHRIST, Individually and as Administratrix of the Estate of ROBERT J. GILCHRIST, Deceased, and as Mother and Natural Guardian of Decedent's Infant Children ROBERT JEFFREY and Another, et al., Respondents, v. TRANS-CANADA AIR LINES, Appellant, et al., Defendants. VIOLA B. SIMMONS, Individually and as Executrix of WALTER W. SIMMONS, Deceased, and as Mother and Natural Guardian of Decedent's Infant Children, MICHAEL W. SIMMONS and Another, Respondent, v. TRANS-CANADA AIR LINES, Appellant, et al., Defendants. RUTH I. SMITH, Individually and as Executrix of JAMES F. SMITH, Deceased, and as Mother and Natural Guardian of Decedent's Infant Children, JAMES F. SMITH and Others, Respondent, v. TRANS-CANADA AIR LINES, Appellant, et al., Defendants. ELEANOR THOMAS, Individually and as Executrix of GORDON E. THOMAS, Deceased, and as Mother and Natural Guardian of Decedent's Infant Children, BARBARA J. THOMAS and Others, Respondent, v. TRANS-CANADA AIR LINES, Appellant, et al., Defendants.— Order entered July 8, 1966, denying defendant-appellant's motion to sever and dismiss the complaint as to it, unanimously reversed, on the law, on the facts and in the

exercise of discretion, with $50 costs and disbursements to said defendant, and the motion granted. Plaintiffs in these four actions are the representatives of estates of four Canadian citizens who died in a crash of a Trans-Canada Air Lines' plane near Montreal, Canada, on November 29, 1963. The aircraft was operating on a regularly scheduled flight between Montreal and Toronto. Trans-Canada Air Lines is a Canadian corporation organized in Canada, having its principal place of business in Montreal and authorized to do business in New York State. Numerous actions arising out of the occurrence have been brought and are pending in Canada. Among them are four actions by plaintiffs against defendant airline for the same relief demanded in the actions here involved. Trans-Canada Air Lines' offer to concede liability in the Canadian actions instituted by the plaintiffs herein has not been accepted. An early trial may be had in the pending Canadian actions. Public policy is against entertaining suits between nonresidents. (*Taylor* v. *Interstate Motor Frgt. System,* 309 N. Y. 633, 636.) There is not, however, an absolute prohibition against such suits. The appropriateness of the forum selected by the plaintiff is to be examined in each case and the plaintiff's choice of forum not disturbed unless the circumstances strongly favor the defendant. (*Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501, 509; *Bata* v. *Bata,* 304 N. Y. 51, 56.) We conclude the plaintiffs' choice of this forum is inappropriate. The site of the accident, the residence of the decedents and their representatives are in Canada. The issues of liability may be resolved and an early trial had if appellant's offer of concession of liability in the pending Canadian actions is accepted by plaintiffs herein. In the circumstances, that defendants Douglas Aircraft Co., Inc., manufacturer of the plane, and Kollsman Instrument Corporation, manufacturer of components thereof, are not within Canadian jurisdiction is not determinative. (*Krieger* v. *American-Israeli Shipping Co.,* 24 Misc 2d 116, app. dsmd. 13 A D 2d 961.) This forum should not be unnecessarily burdened with the trial of issues because of plaintiffs' reluctance to accept appellant's concession of liability in the actions pending in the jurisdiction wherein plaintiffs reside and where they may be disposed of promptly. Concur — Breitel, J. P., Rabin, McNally, Stevens and Capozzoli, JJ.