**Stavros MOUTZOURIS, Plaintiff,**

v.

**NATIONAL SHIPPING & TRADING CO. and Monteverde Cia. Armadora S.A., Defendant.**

United States District Court
S. D. New York.
March 7, 1961.

See also 194 F.Supp. 468.

Lippert, Gordon, Rosenberg & Miller, New York City, for plaintiff, Murray A. Miller, New York City, of counsel.

Poles, Tublin & Patestides, New York City, for defendant, John G. Poles, New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order declining jurisdiction and dismissing the action herein.[1]

The facts which appear from the motion papers and from the deposition of the plaintiff, which was taken in New York, N. Y., show the following facts to exist without substantial controversy:

The plaintiff is a subject and resident of the Kingdom of Greece. On or about May 30, 1960, he was engaged at the port of Piraeus, Greece, to serve as a fireman on board the S S National Leader. This is a Liberian flag vessel.

In the papers which the plaintiff signed there was contained the following agreement, written in Greek:

"In the event of illness, accident or death during my employment, the Shipowner's obligations with regard to my maintenance, cure and compensation for damages shall be determined by the present Greek Collective Agreement for Employment on board Ocean going Vessels, dated March 15, 1954, as well as the Greek statutes and common law."

The National Leader sailed from Piraeus in June, 1960, and proceeded to Haifa, Israel, where she loaded a cargo

[1.] On the same day a second motion was argued in which the plaintiff moved for an order directing defendants to submit to written interrogatories. Because of the disposition of defendants' motion for an order declining jurisdiction, it is unnecessary to consider this second motion, which may be deemed denied.

of cement for discharge at Bridgeport, Connecticut, and Trenton, New Jersey.

During this voyage and while the ship was not within the territorial waters of the United States, plaintiff was allegedly injured when he slipped and fell going down a ladder in the engine room.

Thereafter, when the vessel arrived at Bridgeport, Connecticut, on July 18, 1960, plaintiff was taken to a local doctor who arranged for his hospitalization at the Bridgeport Hospital for three days, after which he returned to the vessel. On July 23rd the vessel sailed for Trenton, New Jersey, where she arrived on July 25th. Thereafter plaintiff left the ship and proceeded to New York City where he retained counsel and commenced this action.

At the time Moutzouris' deposition was taken, on October 5, 1960, there was an outstanding order to show cause why he should not be deported from the United States which was returnable on October 12th. According to papers submitted by the defendants he is now in Greece.

Defendants in this action are (1) the owner of the National Leader, Monteverde Cia. Armadora S. A., a foreign corporation, and (2) National Shipping & Trading Co., an American corporation, which is allegedly the general agent for the other defendant. The action is one under the Jones Act, 46 U.S.C.A. § 688, as alleged in Paragraphs Twelfth and Thirteenth of the complaint. Negligence and unseaworthiness are alleged. The complaint contains a separate cause of action for maintenance and cure.

Defendants urge first, that the action should be dismissed on the ground that the parties have contracted to litigate their disputes in the Greek courts.[2] They further allege that the Court should decline to take jurisdiction of this case.

It becomes unnecessary to decide the first point because, under the decisions hereinafter referred to, this is the type of case over which the Court, in its discretion, should decline jurisdiction.

Here we have an action brought by a plaintiff who now, apparently, is in Greece, for injuries received on a foreign ship, outside the territorial waters of the United States.[3] At the time Moutzouris signed Articles on the ship he agreed that any disputes arising ou of any accident should be determined under Greek law. It is undisputed that the Greek courts are also open to suits for maritime wrongs. The only connection between the United States and this case is that when Moutzouris arrived in the United States he was treated for three days at a hospital in Bridgeport, Connecticut, and then left the ship to bring an action in this country.

The Jones Act is inapplicable. See Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254; Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 382–384, 79 S.Ct. 468, 3 L.Ed.2d 368. This is the type of case where the District Court could, in its discretion, decline jurisdiction. Conte v. Flota Mercante Del Estado, 2 Cir., 1960, 277 F.2d 664, 667–668. See Canada Malting Co. v. Paterson Steamships, Ltd., 1932, 285 U.S. 413, 421–423, 52 S.Ct. 413, 76 L.Ed. 837. Cf., Cerro De Pasco Copper Corp. v. Knut Knutson, O. A. S., 2 Cir., 1951, 187 F.2d 990; United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 1933, 65 F.2d 392.

Where the plaintiff and whatever witnesses he might call are Greek, speak only Greek, live in Greece and very likely are employed on Greek ships, and where the action is governed by Greek law, full and

2. "For any and all disputes arising under the foregoing, as well as for any other disputes dealing with my wages and lodging, absolute and exclusive jurisdiction will lie with the Greek courts." *Ship's Articles signed by plaintiff.*

3. Even if the accident had occurred within United States territorial waters, if the interest of justice would be best served, the Court could decline jurisdiction in the proper exercise of discretion. Canada Malting Co. v. Paterson Steamships, Ltd., 1932, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837.

complete justice can best be obtained in the Greek courts. Giatilis v. The Darnie, D.C.D.Md.1959, 171 F.Supp. 751, 754. See Koziol v. The Fylgia, 2 Cir., 1956, 230 F.2d 651.

The defendants are willing to abide a dismissal decree of this Court, conditioning such dismissal upon their agreeing to be sued in Greece, accepting service there and placing security for satisfaction of any judgment awarded in Greece.

Accordingly this Court, in the proper exercise of its discretion, declines jurisdiction in this case, conditioning such dismissal upon the agreement of defendants to accept service in Greece and posting $30,000 as security for any judgment that may be awarded in Greece. So ordered.