**Efthymios VAVATSIKOS, Libelant,**

v.

**GOULANDRIS BROTHERS, LTD., Dalton Steamship Company and Southern Scrap Material Company, Ltd., Respondents.**

**No. 4893.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 31, 1962.

Frederick J. Gisevius, Jr., George M. Leppert, John J. Cummings, III, New Orleans, La., for libelant.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, James G. Burke, Jr., New Orleans, La., for Goulandris Bros. Ltd., and Palmyra Trading Corp.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, James G. Burke, Jr., New Orleans, La., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert B. Acomb, Jr., Charles K. Reasonover, New Orleans, La., for Dalton SS. Co.

Herbert S. Weil, New Orleans, La., for Southern Scrap Material Co., Ltd.

AINSWORTH, District Judge.

Libelant, a citizen and resident of the Kingdom of Greece, who apparently has now returned to that country, was engaged on February 7, 1961, at Piraeus, Greece, to serve as a seaman aboard the

SS CASPIANA, a vessel of Greek registry, carrying the Greek flag, at which time he signed an agreement to litigate. any claims growing out of his employment in the law courts of Greece, applying Greek law.[1]

Respondent, Palmyra Trading Corporation, owner of the SS CASPIANA, is a corporation organized and existing pursuant to and by virtue of the laws of the Republic of Panama. Respondent, Goulandris Brothers, Ltd., is a foreign corporation having its main office at London, England, and a branch office at Piraeus, Greece; it executed the Agreement of Seafarer's Employment with libelant on behalf of the vessel owner.

The Greek seaman was allegedly injured when he fell into the hold of the vessel on July 3, 1961, while the vessel was on the high seas, about two days from the Port of New Orleans. Subsequently, he was treated at New Orleans for his injuries.

Respondents have filed a motion to dismiss or in the alternative to stay proceedings until the matter can be transferred to the proper court in Greece, contending that this is a suit between a Greek national and the owners of a vessel registered and sailing under the Greek flag, growing out of an accident which occurred outside of the territorial limits of the United States and, therefore, that trial of this matter should not be authorized here.

While it is fundamental that Admiralty courts of the United States have complete jurisdiction over suits of a maritime nature between foreigners, the exercise of such jurisdiction is discretionary with the court.[2]

"The term 'discretion' * * * means a sound discretion * * * exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result."[3]

Libelant urges consideration of the holding of the Fifth Circuit as stated in Motors Distributors, Ltd. v. Olaf Pedersen's Rederi A/S [4], in which the court said: "Instead of the rule being * * * that jurisdiction should be denied unless such denial would work an injustice, the rule is, rather, that jurisdiction should be taken unless to do so would work an injustice." The application of this rule fortifies our holding. We are compelled under the circumstances, in order that an injustice will not be worked, to stay this action until a proper suit can be filed in Greece.

Libelant is a Greek citizen who speaks only the Greek language; the tort complained of, by which he suffered physical injuries, occurred on a vessel of Greek registry flying the Greek flag; the accident occurred on the high seas, and not within the territorial limits of Louisiana or of the United States. The officers and crew of the SS CASPIANA are of Greek nationality,[5] not in this jurisdiction and consequently not amenable to process issuing from this court; most of the crew, witnesses to the accident complained of, do not speak English.

The United States Supreme Court in Lauritzen v. Larsen [6] has suggested factors which should be considered in determining the applicable law in maritime torts: Place of the wrongful act.[7] Law of the flag. Allegiance or domicile of

1. See certified and translated copy of Agreement of Seafarer's Employment; also, affidavit of Christos Koulouris, representative of respondent Goulandris Brothers, Ltd.

2. Langnes v. Green, 282 U.S. 531, 51 S. Ct. 243, 75 L.Ed. 520 (1931), and cases cited therein.

3. Ibid.

4. 5 Cir., 1956, 239 F.2d 463.

5. Affidavit of Christos Koulouris.

6. 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953).

7. Libelant alleges a separate tort, the failure of respondents to pay wages, which occurred in the territorial waters of the State of Louisiana. It is doubtful that this failure or omission presently exists; respondents contend that wages have now been paid. Conceding, however, that respondents failed to pay

the injured. Allegiance of the defendant shipowner. Place of contract. Inaccessibility of foreign forum. Law of the forum.

Applying these guidelines to the instant case, the conclusion is inescapable that the law of Greece is the law to be applied to the instant libel. Unquestionably, the Greek court is available and competent to try maritime torts.

In Moutzouris v. National Shipping & Trading Co.[8] the court declined jurisdiction and stayed proceedings in a factual situation almost identical to the instant case. In the cited case, libelant was a subject and resident of the Kingdom of Greece, engaged at the port of Piraeus, Greece, to serve on a Liberian flag vessel, signed an agreement to litigate any claims arising from his employment in the courts of Greece, was subsequently injured on the high seas and was hospitalized in the United States. The court in its opinion said:

> "Where the plaintiff and whatever witnesses he might call are Greek, speak only Greek, live in Greece and very likely are employed on Greek ships, and where the action is governed by Greek law, full and complete justice can best be obtained in the Greek courts."

As in the Moutzouris case, the only connection between the United States and this case is the hospitalization of libelant in this country and his subsequent medical treatment.

Respondents have stated here that they are willing to abide a dismissal decree of this court requiring that it accede to the jurisdiction of the proper forum in Greece and place satisfactory and sufficient security with the proper Greek tribunal to insure compliance with the decree of that court.

Justice will best be served here by declining jurisdiction.

Accordingly, it is the order of this court that these proceedings be stayed. Libelant shall have ninety days within which to file suit in Greece; respondents to make an appearance therein and file a bond for security in the sum of $25,000.-00, failing in which, this order will be recalled.

---

wages, and that this failure occurred in Louisiana, libelant's argument in urging this court to retain jurisdiction is not compelling. The principal wrong complained of is the injury of libelant which occurred on the high seas. The entire matter can best be tried in the courts of Greece.

8. 196 F.Supp. 482, S.D. New York (1961); reaffirmed 194 F.Supp. 468. See also Moutsis v. SS ALEXANDRA, her engines, etc., No. 4092 of the Admiralty Docket of the United States District Court for the Eastern District of Louisiana, New Orleans Division.