Eugene JULLIEN

v.

STEAMSHIP MARSEILLE, etc.

Julien EUGENE

v.

AMERICAN MUTUAL INSURANCE COMPANY.   (Consolidated).

Admiralty No. 3863, Civ. A. No. 5864.

United States District Court
E. D. Louisiana.

March 6, 1963.

Jack Benjamin, New Orleans, La., for libellant.

Walter Carroll, Jr., New Orleans, La., for respondents.

ELLIS, District Judge.

From an uncontroverted affidavit and responses to interrogatories, it appears that libellant Eugene Jullien is a French national who signed French articles in Marseilles, France aboard the S.S. MARSEILLE, an ocean-going vessel owned by the Republic of France and bareboat chartered to the Fabre Line, a French Corporation in which no American citizen has a proprietary interest. The voyage began and terminated in Marseilles. On January 27, 1956, libellant was allegedly injured aboard the S.S. MARSEILLES when a hatch cover fell on him. He was hospitalized, apparently in New Orleans, at respondent's expense, and re-

3. Speedry Products, Inc. v. Dri Mark Products, Inc., 2 Cir., 271 F.2d 646, 648; Foundry Services v. Beneflux Corp., 2 Cir., 206 F.2d 214, 216.

patriated to France. Medical and repatriation expenses and other benefits were borne by respondent and respondent alleges, by affidavit, that it has discharged all of its obligations under French law. Libellant is presently employed by respondent in Marseilles.

Libellant filed suit against the S.S. MARSEILLES *in rem* and against Fabre Lines *in personam* seeking recovery under the Jones Act, 46 U.S.C.A. § 688, and the general maritime law. *In rem* jurisdiction has never been acquired by seizure of the S.S. MARSEILLES.

Respondent moves to dismiss the libel on the grounds that the Jones Act is not applicable under the doctrine of Lauritizen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, and that this Court should not exercise its discretionary jurisdiction of the unseaworthiness claim under Romero v. International Terminal Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368, and other cases.

This case has been consolidated with Civil Action 5864; and this motion is directed solely to the maritime claim in Admiralty 3863, and only that case is dealt with here.

### THE JONES ACT CLAIM

"Lauritizen v. Larsen held that there was no jurisdiction under the Jones Act when the only United States contact was the signing of articles in New York City by a seaman whose residence in this country was merely transitory." Gilmore and Black, The Law of Admiralty, Ch. VI, Sec. 6–64, P. 389. Specifically, the Supreme Court stated that, in determining Jones Act application, the court should consider:

1) Place of the wrongful act

2) Law of the ship's flag

3) Allegiance or domicile of the injured seaman

4) Allegiance to the shipowner

5) Place the shipping articles were signed

6) Inaccessability of a foreign forum

7) Law of the forum

Applying the Lauritizen test, the record indicates that the only contacts this case has with the United States are that the accident happened here and that the in personam libel was filed in the Eastern District of Louisiana. Of the "place of the wrong" test, the Supreme Court, in Lauritizen, stated, 345 U.S. at p. 583, 73 S.Ct. at p. 929:

"The test of location of the wrongful act or omission, however sufficient for torts ashore, is of limited application to shipboard torts, because of the varieties of legal authority over waters she may navigate."

More to the point, the Court in Romero, stated, 358 U.S. at p. 384, 79 S.Ct. at p. 486:

"Although the place of injury has often been deemed determinative of the choice of law in municipal conflict of laws, such a rule does not fit the accommodations that become relevant in fair and prudent regard for the interests of foreign nations in the regulation of their own ships and their own nationals, and the effect upon our interests of our treatment of the legitimate interests of foreign nations. To impose on ships the duty of shifting from one standard of compensation to another as the vessel passes the boundaries of territorial waters would be not only onerous but also an unduly speculative burden, disruptive of international commerce and without basis in the expressed policies of this country."

Similarly, the fact that this court's process has begun against the respondent is not relevant to the determination of the applicability of the Jones Act. Lauritizen v. Larsen, 345 U.S. 571, 590–592, 73 S.Ct. 921, 97 L.Ed. 1254. Thus not one of the United States' contacts support Jones Act application. The plaintiff in Romero was a foreign national aboard a ship of foreign registry, owned by a foreign corporation, sailing from a foreign port and under a foreign flag. The accident happened in Hoboken, New Jer-

sey. The Supreme Court held that there was no jurisdiction under the Jones Act. The fact that the Romero case is almost squarely on point forecloses the question and compels a finding that the Jones Act does not apply to the facts of this case and that cause of action must be dismissed.

## GENERAL MARITIME LAW

Respondents concede at the outset that dismissal of the unseaworthiness claim is discretionary with the Court. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 523; The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152. Also the Fifth Circuit has made it clear in these cases that the rule is that jurisdiction shall be maintained unless to do so would work an injustice. Motor Distributors, Ltd. v. Olaf Pedersen's Rederi A/S, 5 Cir., 239 F.2d 463; see also Vavatsikos v. Goulandris Brothers, Ltd., E.D.La., 208 F.Supp. 425. However, the rule of Lauritizen v. Larsen applies to our discretionary jurisdiction in general maritime cases as well as to Jones Act cases. Romero v. International Term Co., supra, 358 U.S. at 384, 79 S.Ct. at 486. Hence, the exercise of our discretion, while reasonably secure from review, see The Fletero v. Arias, 4 Cir., 206 F.2d 267; Motor Distributors, Ltd. v. Olaf Pedersen's Rederi A/S, supra; see generally the Belgenland, supra, is circumscribed by reasonably well-defined considerations. The Supreme Court in Romero stated that the issue with regard to the general maritime claim was "whether the maritime law of the United States may be applied in an action involving an injury sustained in an American port by a foreign seaman on board a foreign vessel in the course of a voyage beginning and ending in a foreign country." Romero v. International Term Co., supra, 358 U.S. at 381, 79 S.Ct. at 485. The Supreme Court's answer was no. Since this statement of the issue fits the case at bar so squarely, it might be enough to rely on the clear disposition of the Supreme Court. However the constant adjuration that our jurisdiction is discretionary and premised on doing justice militates against any adoption of mechanical rules. For this reason this court points to the considerations which support its discretionary refusal of jurisdiction.

The libellant has returned to France and is currently employed by respondent. All obligations under French law have allegedly been fulfilled, and if they have not libellant has ready access to the French courts. Against this must be balanced the fact that libellant alleges, in another suit, that he was injured by a local stevedore whose operations made respondent's vessel unseaworthy. Certainly, then, some of the witnesses may very well be in New Orleans. Nevertheless, the indications are that libellant's claim is connected with an allegedly defective crane belonging to respondent's vessel. The fact of possible witnesses in New Orleans cannot outweigh the Supreme Court's concern for making a foreign corporation respond to the variety of laws with which it comes in contact solely because of its international operations. This is all the more important when the foreign corporation has already responded under the law of its flag and where the libellant is within easy reach of his country's forum as well as the ship itself whose home port is the home of the libellant.

If we may assume that the rule of Motor Distributors is still sound law even though decided before Romero, the conclusion must be that to retain discretionary jurisdiction in circumstances similar to Romero is to "do an injustice." Since there are no legal reasons for or equitable interests in our retaining jurisdiction in spite of Romero and the facts of this case render maintenance of jurisdiction improper, this court will not merely stay the proceedings as in Vavatsikos but will dismiss the Jones Act and general maritime actions altogether.

SO ORDERED.