Sidhom Abdel SHAHID, Libelant,

v.

A/S J. LUDWIG MOWINCKELS REDERI, Respondent.

United States District Court
S. D. New York.

June 22, 1964.

Rassner & Rassner, New York City, for libelant.

Haight, Gardner, Poor & Havens, New York City, for respondent.

CANNELLA, District Judge.

This action was brought to recover damages for personal injuries sustained by the libelant while he was employed on board the m/t Strinda, a vessel owned by the respondent, Ludwig Mowinckels Rederi. The District Court in admiralty has jurisdiction of this controversy between foreigners, even though the subject matter of the controversy in part arose beyond the territorial waters. The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152, Canada Malting Co. v. Paterson, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837. The court finds that the law of the flag, i. e., the Norwegian law applies.

Libelant seeks to recover for injuries alleged to have been sustained by him in October, 1957 and later on July 15, 1959, while serving as a member of the crew on m/t Strinda. Libelant urges the applicability of the General Maritime Law of the United States and of the Jones Act, 46 U.S.C. § 688. Respondent contends that libelant's causes of action, if any, must be governed by the substantive provisions of the law of the Kingdom of Norway, as the law of the flag of the vessel.

The action was initially on the civil side of the court, at which time there were two other defendants. On March 22, 1961, the action as to the other two defendants was discontinued in an order of Chief Judge Ryan, dated March 22, 1961 and filed in the office of the Clerk on March 24, 1961. On February 17, 1964, Ryan, C. J., by order transferred the action from the Civil Jury Calendar to the Admiralty Calendar. The pre-trial order, dated September 30, 1963, provides that the trial of the suit should be in two stages, the first encompassing the question as to what substantive law should be applied to the libelant's causes of action and the second stage encompassing the questions relating to liability, injuries or damages.

At a brief hearing held before this court on April 30, 1964, the parties stipulated to the relevant facts. That the libelant was born in Egypt in 1935 and was at all times relevant to this suit an Egyptian national and a non-resident of the United States. That respondent, the registered owner of. m/t Strinda, a Norwegian flag tanker, registered in Bergen, Norway, was and is a Norwegian corporation. That libelant served aboard m/t Strinda from October 11, 1957 to December 24, 1957 and later from March 2, 1959 to August 3, 1959. That libelant had previously served aboard other Norwegian flag vessels and was at all times relevant to this suit a member of the Norwegian Seamen's Union. That on October 11, 1957 and later on March 2, 1959, libelant obtained his employment aboard m/t Strinda through the Norwegian Seamen's Union and the Scandanavian Shipping Office, Inc. That on both occasions he signed standard form Norwegian Shipping Articles in the Office of the Norwegian Consulate General in New York. That these articles called for service subject to the provisions of Norwegian law. That libelant alleges an injury occurring aboard m/t Strinda in October, 1957, while m/t Strinda was in

the port of New York. That libelant alleges a second injury during the course of his later employment on July 15, 1959 when m/t Strinda was in Puerto LaCruz, Venezuela.

Since the leading case of Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, it has been held that the Jones Act is not to be applied in a suit by an alien against a foreign shipowner, where the contacts with the United States are of incidental importance as against foreign contacts in the services rendered by the alien. The contacts of importance as discussed in the Lauritzen case are seven: (1) the place of the wrongful act, (2) the law of the flag, (3) the allegiance or domicile of the injured person, (4) the allegiance of the shipowner, (5) the place of the employment contract, (6) the inaccessibility of a foreign forum and (7) the law of the forum. The m/t Strinda is a Norwegian flag vessel, duly registered under the Norwegian law and registered out of the Port of Bergen, Norway. Respondent, the owner, is Norwegian. The hiring articles were signed by libelant, a member of the Norwegian union, in the Norwegian Consulate General in New York, on the standard Norwegian form. Libelant in this suit is an Egyptian national, having been born in Port Said, Egypt, on February 2, 1935. Libelant alleges injuries occurring aboard m/t Strinda in October, 1957 while the vessel was in the port of New York, and also injury on July 15, 1959 while m/t Strinda was in Puerto LaCruz, Venezuela.

The only United States contacts here are the signing of the articles in New York City, the non-resident-alien status of the libelant though he remained an Egyptian national and the alleged injury aboard ship while in the port of New York.

The main policy consideration announced in Lauritzen was to attempt achievement of stability in the application of maritime law. Coupled with this was a desire to foster the principles of international comity. Accordingly, the Supreme Court emphasized the law of the flag of the vessel. This was the factor to be given most weight and would allow for nations to legislate as they saw fit. Indeed the court said at page 586, 73 S.Ct. at page 930:

"Surely during service under a foreign flag some duty of allegiance is due."

The Lauritzen test of "weighing the factors" in determining the applicable law was criticized in Bartholomew v. Universe Tankships, Inc., 263 F.2d 437 (2nd. Cir. 1959). The court there adopted the test of substantial contacts.

It would seem that under either process of "weighing the factors" or grouping contacts in order to ascertain whether they are substantial, the law to be applied in this case is that of the Kingdom of Norway.

Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1958) re-emphasized the need for recognition of valid competing foreign interests. The concept of lex locus delictus was rejected in the area of maritime torts because of the entirely fortuitous circumstances determining the place of the vessel at the time of the accident. In similar fashion, fortuitous circumstances are involved in signing on extra crewmen when a ship is on a lengthy voyage. To impose a different standard for each of the crew dependant upon his nationality, would defeat an attempt at stability and the principle of comity.

In Smith v. Furness Withy & Co., D.C., 119 F.Supp. 369, this court declined jurisdiction and dismissed the action despite the fact that plaintiff had resided in New York City for one year, had applied for his first citizenship papers and had signed articles in New York for the voyage on which he sustained injuries.

In the instant case, the libelant signed the articles in the New York office of the Norwegian Consul General. These articles called for the application of Norwegian law and were signed at a time when the libelant was a member of the Norwegian Seamen's Union. Though the

law called for in the articles is not decisive and the libelant could not have waived any rights which were his, the law called for by the articles is at least some confirming evidence of the applicable law in this case.

This court therefore rules that on the facts of this case, libelant has failed to show sufficient factors to justify the application of American law instead of the law of the flag. For the above reasons, therefore, the law which will be applied in this case is that of the Kingdom of Norway.

So ordered.