654

Stelious KAPATSOS, Libelant,

v.

M/V BARLBY, Her Engines, Tackle, Apparel and Furniture, and Ropner Steamship Company, Respondent.

No. 6854, Division D.

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 15, 1965.

Smith, Waltzer, Jones & Peebles, Jack Peebles, New Orleans, La., for libelant.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Robert B. Deane, New Orleans, La., for respondent.

AINSWORTH, District Judge.

The question presented here is whether a foreign seaman may assert a claim in a federal court against his foreign employer while sailing on a foreign ship for alleged injuries sustained on board the vessel while in American territorial waters.

This libel, asserting causes of action under the Jones Act and the general maritime law, grows out of the alleged injury of a seaman, a citizen of Greece, which occurred aboard the M/V BARLBY, a vessel of British registry, owned by respondent, a corporation organized under British law, having no place of business in the United States. Libelant states that he lives in Greece, but at the time he signed on the vessel he was living in Rotterdam, Holland, in a building adjacent to that of his brother. Respondent corporation is wholly owned by Ropner Holdings, Ltd., which company also is registered under the laws of Great Britain. British subjects own 99.984 per cent of the stock of this corporation. Libelant joined the vessel at Rotterdam, Holland, at which time he signed British Articles. The wages paid him and the working rules of the M/V BARLBY were in accordance with British law and British Articles. The alleged injury suffered by libelant on board the vessel occurred while the

BARLBY was moored at New Orleans, Louisiana, at which city he was hospitalized for two weeks. The vessel was libeled in New Orleans and later released upon acceptance of an underwriter's letter of undertaking, after the depositions of several officers and crew members were taken. The BARLBY then made her return voyage to Rotterdam, Holland. Libelant, subsequent to his release from the hospital, was repatriated to Rotterdam. The deposition of libelant, who speaks the Greek language, was taken through an interpreter.

Respondent has filed a motion to dismiss the libel, or in the alternative, that all actions be stayed sixty days until the matter can be transferred to a court of convenient jurisdiction, after which this libel be dismissed. The asserted grounds for this motion are failure to state a cause of action under the Jones Act and forum non conveniens.

Applying the criteria set forth in Lauritzen v. Larsen, 345 U.S. 571, 73 S. Ct. 921, 97 L.Ed. 1254, (1953), to determine whether jurisdiction should be retained here, we find that the only factor present is that the alleged wrongful act occurred in American territorial waters in the Port of New Orleans in this jurisdiction. In Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Supreme Court used the Lauritzen guidelines, and held that although the accident to the Spanish seaman occurred aboard a ship temporarily in American territorial waters in New York harbor, it would affirm the dismissal of the seaman's claims against his employer. The Court said (358 U.S. at 384, 79 S.Ct. at 486):

"Although the place of injury has often been deemed determinative of the choice of law in municipal conflict of laws, such a rule does not fit the accommodations that become relevant in fair and prudent regard for the interests of foreign nations in the regulation of their own ships and their own nationals, and the effect upon our interests of our treatment of the legitimate interests of foreign nations. To impose on ships the duty of shifting from one standard of compensation to another as the vessel passes the boundaries of territorial waters would be not only an onerous but also an unduly speculative burden, disruptive of international commerce and without basis in the expressed policies of this country. The amount and type of recovery which a foreign seaman may receive from his foreign employer while sailing on a foreign ship should not depend on the wholly fortuitous circumstance of the place of injury."

Although it is fundamental that a court of Admiralty of the United States has jurisdiction over suits of a maritime nature between foreigners, the exercise of such jurisdiction is discretionary with the court with due regard to what is right and equitable under the law and the circumstances. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931). See also Vavatsikos v. Goulandris Brothers, Ltd., E.D.La., 1962, 208 F. Supp. 425.

The fact that libelant was hospitalized and treated in New Orleans does not justify our retaining jurisdiction. Moutzouris v. National Shipping & Trading Co., S.D.N.Y., 1961, 196 F. Supp. 482.

Respondent will be required to accede to the proper foreign forum having jurisdiction and will place satisfactory and sufficient security in said tribunal to insure compliance with the decree of that court.

Under the circumstances, justice will best be served by declining jurisdiction and dismissing the libel. However, the judgment of dismissal is stayed for

ninety days to give libelant an opportunity to file his libel in the proper foreign tribunal having jurisdiction; whereupon at the expiration of said period we will enter our order declining jurisdiction and dismissing this cause without prejudice. Respondent shall make an appearance in said foreign tribunal and file a bond for security or letter of undertaking in the sum of $5,000.00, failing in which this order will be recalled.