**Nikolaos POULOS, Libelant,**

v.

**SS IONIC COAST, her engines, her boiler, furniture, gear, tackle and apparel, and Ionic Shipping Agency, Inc., Respondent.**

**No. 8288.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 16, 1967.

Charles R. Maloney, Giles J. Duplechin, New Orleans, for libelant.

J. Dwight LeBlanc, Jr., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, for respondents.

RUBIN, District Judge:

A seaman who is a Greek citizen seeks to recover under the provisions of the Jones Act and the general maritime law, for injuries sustained aboard a vessel of Liberian registry in an accident which allegedly occurred at the port of Vera Cruz, Mexico, including as an item of damages a claim for past wages and future lost earnings. In addition, he alleges that after he filed suit he was kidnapped and forcibly taken to the airport to be sent back to Greece and he seeks to recover separately for this tort. The respondent filed a motion entitled "*Motion to Dismiss and for Summary Judgment,*" seeking a dismissal of all of the claims on the ground that this is not a convenient forum.

## FINDINGS OF FACT

The pleadings, depositions and affidavits submitted to the Court show that there is no substantial dispute concerning the following material facts:

The libelant is a citizen of Greece. He signed an employment contract in Karyes, Greece, on April 7, 1965, to serve

as a seaman aboard the SS IONIC COAST, a vessel of Liberian registry, having a Greek crew.[1] The SS IONIC COAST is owned by a corporation all of the stock of which is owned by Greek citizens.

On April 12, 1965, the libelant was transported from Greece to Australia where he joined the vessel. Libelant claims he was injured aboard the vessel while it was in navigable waters at the port of Vera Cruz, Mexico. He was taken to a hospital in Vera Cruz and remained there for two and a half days.

When the vessel arrived at the port of New Orleans, the libelant was taken to Dr. Robert F. Azar, and, upon his recommendation, libelant was hospitalized for treatment of chemical burns of his right eye at the Eye, Ear, Nose, and Throat Hospital in New Orleans. He remained there under the care of Dr. Azar until June 20, 1966.

On or about June 19, 1966, Dr. Azar advised Ayers Shipping Co., Inc., the husbanding agent for Australine Shipping Co., the owners of the SS IONIC COAST, that the libelant was fit to travel to Greece for further therapy. There is a dispute about what happened then. Libelant claims that agents of the defendant forcibly removed him from the hospital and took him to the airport with the intention of deporting him from New Orleans against his consent. When he arrived at the airport, libelant refused to board the airplane. He was then taken to the John Mitchel Hotel in New Orleans where a room was obtained for him. His deposition was later taken by his own counsel, and he thereafter returned to Greece.

The libel, as amended, states three claims: (1) for injuries sustained aboard the vessel; (2) for earned and unearned wages; and (3) for damages for the tort of kidnapping that allegedly took place in New Orleans.

Libelant is a Greek citizen who speaks only the Greek language. Most of the crew do not speak English, and none of the witnesses to the accident reside in the United States. It appears likely that they are all Greek citizens. Respondent is willing to accede to the jurisdiction of the proper Greek forum and will provide satisfactory and sufficient security to insure compliance with the decree of that court.

## CONCLUSIONS OF LAW

The Jones Act should not be applied in a suit by an alien against a foreign shipowner where the contacts with the United States are of incidental importance.[2]

Here there are no significant contacts between the libelant and the United States: the injury occurred when the vessel was in the port of Vera Cruz, Mexico; the ship flies the flag of Liberia; the injured owes allegiance to Greece; the allegiance of the owner of the vessel is foreign; the employment

---

1. The agreement which libelant signed was written in Greek, and contained the following paragraph, here given in translation:

    "1. Individual contracts of employment, on which the present Collective Agreement applies, will be governed exclusively, as to any claim or right arising out of the seafarer's employment, including claims on account of illness or accident, by the provisions of the present Collective Agreement and Greek Law, being judged exclusively by the competent Greek Authorities and Greek Law Courts, resort to any foreign Courts and to any foreign Law being prohibited and expressly ruled out."

    This contract expired according to its terms on April 7, 1966. It is not necessary to decide whether the contract nonetheless continued to govern the relationship between the parties, or, if it did, whether this provision was binding. In this connection, however, see Hatzoglou v. Asturias Shipping Company, S.D.N.Y. 1961, 193 F.Supp. 195; Brillis v. Chandris (U.S.A.) Inc., S.D.N.Y.1963, 215 F. Supp. 520.

2. Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254; Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L. Ed.2d 368; Shahid v. A/S Ludwig Mowinckels Rederi, S.D.N.Y.1964, 236 F. Supp. 751.

contract was executed in Karyes, Greece; a Greek forum is readily accessible to libelant; the respondent states that it is willing to accede to the "jurisdiction of the proper forum in Greece, and is willing to place satisfactory and sufficient security in the proper Greek tribunal to insure compliance with the decree of that court."

■ Since therefore all the contacts of this maritime tort with the United States are at best minimal, they are insufficient for the application of the Jones Act.[3]

■■ With respect to the claim under the general maritime law, it is elementary that admiralty courts have complete jurisdiction over suits of a maritime nature even though they arise between foreigners and no party is a citizen of the State in which the libel is filed. While the exercise of jurisdiction is discretionary, the Court of Appeals for the Fifth Circuit has said, in a collision case that, "[T]he rule is * * * that jurisdiction should be taken unless to do so would work an injustice."[4] Considering the circumstances present here, it would be an injustice to compel the parties to try the case in this inconvenient forum, when the only connection of the parties with it is that the injured seaman received temporary medical treatment here. Justice would be better served by remitting the parties to their home forum.[5] This matter can be tried and decided far better in Greece where the witnesses are more readily available, the language of the court and of the parties is the same, and most of the major juridical contacts exist.

As to the libelant's cause of action for damages for the tort of kidnapping that allegedly took place in New Orleans, this presents a different question. Except for the libelant, all of the witnesses to this incident will be found here. The law to be applied to this cause of action would be American. The alleged incident happened within this jurisdiction. This claim can be readily tried separately from the other claims.

The court has the power under Rule 42(b) of the Federal Rules of Civil Procedure to separate any claim and order a separate trial of that claim. There is no reason for the court to dismiss the cause of action for the alleged kidnapping, and dismissal of it would work an injustice to the libelant.

■ Justice will therefore best be served by retaining jurisdiction of libelant's cause of action for the alleged tort of kidnapping and declining jurisdiction of the other claims. However, the judgment of dismissal is stayed for ninety days to give libelant an opportunity to file his libel in the proper foreign tribunal having jurisdiction. If respondent enters an unconditional appearance in the foreign tribunal, and files a bond for security or letter of undertaking in the sum of $150,000.00, the claims under the Jones Act and the general maritime law will be dismissed. If respondent fails to do so, this order will be recalled.

Libelant's cause of action for the alleged tort of kidnapping shall proceed as if it had not been joined with the other actions.

3. Brillis v. Chandris (U.S.A.) Inc., S.D. N.Y.1963, 215 F.Supp. 520.

4. Motor Distributors, Ltd. v. Olaf Pedersen's Rederi A/S, 5th Cir. 1956, 239 F. 2d 463, 465.

5. Langnes v. Green, 1931, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520. Similar action was taken on almost identical facts in Vavatsikos v. Goulandris Brothers, Ltd., E.D.La.1962, 208 F.Supp. 425; Kapatsos v. M/V Barlby, E.D.La.1965, 238 F.Supp. 654.