George **DASSIGIENIS,** Plaintiff,

v.

**COSMOS CARRIERS & TRADING CORP., Cosmos International Shipping Inc., and Ionian Shipping Company, Defendants.**

**No. 68 Civ. 3225.**

United States District Court, S. D. New York.

May 22, 1970.

Francis E. Dorn, Brooklyn, N. Y., for plaintiff.

Poles, Tublin, Patestides & Stratakis, New York City, for defendants.

METZNER, District Judge:

Defendants move for summary judgment on the grounds of lack of jurisdiction, failure to state a claim upon which relief may be granted, and forum non conveniens.

This is an action at law in which jurisdiction is predicated on the Jones Act and diversity of citizenship of the parties.

The parties entered into a stipulation as to the facts in this case. The plaintiff seaman is a Greek alien and a resident of Greece. During the latter part of April 1968, he signed on the vessel at Antwerp, Belgium, pursuant to Greek articles. He was injured on the vessel on May 8, 1968 when the vessel was in international waters.

Defendant Ionian Shipping Company, the owner of the vessel, is a Liberian corporation. It has designated an agent in Greece to receive service of process. None of its stock is owned by any citizen of the United States, and it does not maintain an office or place of business within the United States or the State of New York. It has no telephone listing in the State of New York, nor does it have any listing in any building directory in this state. It does have a checking account in Chase Manhattan Bank.

Defendant Cosmos International Shipping Inc. is a Panamanian corporation. None of its stock is owned by any citizen of the United States, and it does not maintain an office or place of business within the United States or the State of New York. It acted solely as agent in Panama for Ionian. It was never plaintiff's employer.

Defendant Cosmos Carriers & Trading Corp. is a Delaware corporation having a place of business at 25 Broadway, New York City. The majority of its stock is owned by citizens of the United States. It acted as the vessel's agent in New

York. At no time was it plaintiff's employer.

The vessel was registered in Panama. None of its crew members are residents or citizens of the United States. The vessel has called at New York only once, on May 25, 1968, and twice at the Canal Zone.

On May 8, 1968, coincidentally the date of the accident, Ionian entered into a voyage charter with Chevron Transport Corp., a United States corporation. This charter was executed in New York. Pursuant to the charter the vessel came to New York, and on May 30, 1968 the plaintiff signed off.

Plaintiff was treated by physicians within the State of New York and was examined by a physician on behalf of the owner within this state. Certain payments for maintenance and cure were made to the plaintiff while he was under treatment here. The checks were drawn on the owner's account at the Chase Manhattan Bank.

It is perfectly clear that Cosmos Carriers and Cosmos International are merely husbanding agents for the M/T Sophia M. They are not the owners of the vessel. Consequently, they are not liable to plaintiff on the claims asserted in the complaint. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949).

■ As to the defendant Ionian, the complaint seeking relief under the Jones Act must be dismissed for failure to state a claim under the authority of Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); Tjonaman v. A/S Glittre, 340 F.2d 290 (2d Cir. 1965); Moutzouris v. National Shipping & Trading Co., 196 F.Supp. 482 (S.D.N.Y.1961). Furthermore, the court lacks subject matter jurisdiction on claimed diversity since it does not exist in actions between foreign litigants. Karakatsanis v. Conquestador

Cia. Nav., S. A., 247 F.Supp. 423, 426 (S.D.N.Y.1965).

■ Similarly, the claim for maintenance and cure must be dismissed under Romero, supra; Johansson v. O. F. Ahlmark & Co., 107 F.Supp. 70 (S.D.N.Y. 1952).

■ Plaintiff lays great stress on his claim that defendant Ionian is doing business in the City of New York. In the first place, the factual material in the affidavits, aside from the generalizations, and the stipulation of facts do not justify this conclusion. However, even if the maintenance of the bank account and the single instance of executing a charter party can be considered as "doing business," that will not change the result. The language in Lauritzen, supra at 590, 73 S.Ct. at 932, is apposite: "The 'doing business' which is enough to warrant service of process may fall quite short of the considerations necessary to bring extraterritorial torts to judgment under our law."

The crew list of the vessel shows that it was comprised mainly of Greek and Spanish nationals, and none were citizens of the United States. The witnesses to the accident, therefore, do not appear to be subject to process. Moutzouris, supra; Giatilis v. S/T Darnie, 171 F.Supp. 751 (D.Md.1959).

■ I find that Greek law provides a remedy for Greek seamen who are injured in the course of their employment. In conjunction with this finding, the defendant Ionian has indicated that it will submit itself to the jurisdiction of the Greek courts and will defend any suit brought in Greece squarely on its merits.

Accordingly, this court grants summary judgment dismissing the complaint, conditioned upon the above representation of defendant Ionian.

So ordered.