Anna TSANGARAKIS, individually, and Anna Tsangarakis, personal representative and administratrix of the goods, chattels, credits and estate of Georgios Tsangarakis, Deceased, Libellant

v.

PANAMA STEAMSHIP COMPANY, Ltd., S. G. Embiricos, Ltd., Captain Paleokrasas, F. A. Klidonieos and Texas Transport & Terminal Co., Inc., Respondents.

No. 397 of 1959.

United States District Court
E. D. Pennsylvania.

Sept. 29, 1961.

See also 185 F.Supp. 502.

Stassen, Kephart, Sarkis & Scullin, Theodore M. Kostos, Philadelphia, Pa., for libellant.

Rawle & Henderson, Harrison G. Kildare, Philadelphia, Pa., for respondents.

KRAFT, District Judge.

This action in admiralty presents a claim for damages by libellant in her own right, and as personal representative and administratrix of the estate of Georgios Tsangarakis, deceased, arising from the alleged wrongful death of the decedent at sea on or about November 16, 1957, while serving as a member of the crew of the Liberian steamship Nikolos.

The case is now before us on exceptions to the amended libel.

Respondents' first point is that the conflicting legal theories of the first and second causes of action fail to meet the requirements of proper pleading in admiralty.

As we stated in an earlier opinion in this same case, libellant is a citizen and national of Greece, as was the decedent. The Nikolos was a ship of Liberian flag and registry, owned and operated by foreign corporations and individuals. Decedent's injuries and death occurred while the vessel was "on the high seas off the coast of Florida or waters adjacent to the

United States within the maritime jurisdiction of the United States * * * and en route from South American ports and ports of the West Indies to a port or ports of the United States."

The first cause of action is laid against S. G. Embiricos, Ltd., the operating agent of the vessel, and F. A. Klidonieos, an alleged co-owner of the ship. The amended libel alleges that S. G. Embiricos, Ltd., "was and now is a foreign corporation, organized and existing under the laws of Great Britain, was domiciled therein, and doing business in the United States;" and that F. A. Klidonieos was and still is a citizen of the Kingdom of Great Britain. It is asserted that the proper law of tort herein applicable is that of the Kingdom of Great Britain, "with whom the respondent herein is more genuinely and properly linked than any other jurisdiction." Libellant further invokes the Death on the High Seas Act. 46 U.S.C.A. §§ 761–765.

The second cause of action is expressly directed to Panama Steamship Company, Ltd., the other alleged co-owner of the ship. It is averred that Panama "was and still is a foreign corporation, organized and existing pursuant to the laws of the Republic of Liberia, and doing business through its agents in the United States." It is further alleged that Panama's controlling stock was owned and held by citizens and nationals of Great Britain, and that its officers and directors were citizens and residents thereof. Libellant bases this cause of action on the law of Great Britain.

■ Respondents contend that libellant must make her choice of the substantive law under which she seeks recovery in the first cause of action. While libellant, of course, may not effect a double recovery, we know of no rule which requires her to make an election at this time. To the contrary, she may plead alternative, even inconsistent, theories of recovery. Such is the modern rule both at law and in admiralty, as pointed out in Benedict on Admiralty (6th Ed.) § 259:

"In suits *in personam,* the libellant may join in the same libel any number of causes of action, whether of contract or tort, between the same parties. This is another advantage of the admiralty course of proceeding, which the different forms of action, the different forms of pleas, the different modes of trial and the different kinds of judgments and executions in common law proceedings, all having their technical niceties, have rendered impracticable in common law courts. However, progressive reforms in common law procedure have done away with the technical limitations of this character in many courts. See, for example, Federal Civil Rule 8(f) stating that all pleadings shall be so construed as to do substantial justice. Civil Rule 8(e) (2) permits two or more statements of a claim alternatively or hypothetically, either in one count or in separate counts; and the statement of as many separate claims as the party has regardless of consistency. The same is true in admiralty, save for the requirement that all the claims must be of a maritime nature."

Libellant's method of pleading is both reasonable and proper in light of the present uncertainty as to whether the alleged tortious acts occurred within or without a marine league from the shore of Florida, the controlling consideration under the Death on the High Seas Act.

■ The original libel based the right of recovery on the general maritime law of the United States "and all statutes amendatory thereof," including the Jones Act, 46 U.S.C.A. § 688. The amended libel, filed December 9, 1960, invokes for the first time the law of Great Britain. Respondents contend that the claims under British law are barred by lapse of time. Foreign law is a fact which must be pleaded and proved, and of which we may not take judicial notice. As the Court said in Liverpool & Great Western Steam Co. v. Phenix Ins. Co., 1889, 129

U.S. 397, 445, 9 S.Ct. 469, 473, 32 L.Ed. 788:

> "The law of Great Britain since the declaration of independence is the law of a foreign country, and, like any other foreign law, is matter of fact, which the courts of this country cannot be presumed to be acquainted with, or to have judicial knowledge of, unless it is pleaded and proved.
>
> "The rule that the courts of one country cannot take cognizance of the law of another without plea and proof has been constantly maintained, at law and in equity, in England and America." (Citing cases.)

Respondents' next point is that the case should be dismissed on the doctrine of forum non conveniens. We share the view of the learned Court in Conte v. Flota Mercante Del Estado, 2 Cir., 1960, 277 F.2d 664, 667:

> "The question raised is an important one, as to which an able commentator chides us, 'No rules to guide discretion have been formulated, and the cases, although the better ones point to and assist in the definition of standards, have not been lacking in confusion.' Bickel, Forum Non-Conveniens in Admiralty, 35 Cornell L.Q. 12, 27 (1949)."

■ Libellant is a citizen of Greece, as was her decedent. The Nikolos carried the Liberian flag. She was owned, it is alleged, by a British citizen and a Liberian corporation (British owned), and was operated by a British corporation. The witnesses to the tortious acts would probably be Greeks. Respondents contend that these facts, among others, require the action to be tried in the courts of Greece. The question calls for the exercise of discretion, and is certainly not free from difficulty. After most careful consideration, we think that jurisdiction must be retained. The facts, in relevant regard, closely parallel those in Kontos v. The S.S. Sophie C, D.C.E.D.Pa. 1960, 184 F.Supp. 835, as appears from

the second paragraph of that opinion (at page 836):

> "The set of facts, so far as we have them, is a law teacher's delight for an examination problem. The libelants are Greeks. They have left the United States and are presently in Greece. The men shipped on the Sophie C., which carries the Liberian flag. Whether they signed articles or not is uncertain. The respondents say that the Sophie C. is owned by a British corporation and that the sole shareholder is a citizen of the Argentine Republic; the libelants say that they lack sufficient knowledge to form a belief as to the truth of these averments. The Court does not think the last point is of great importance anyhow, certainly not at this stage. The acts complained of by Kontos took place in Japan where it is also alleged that insufficient medical treatment was provided."

If anything, the case before us is a stronger one for retention of jurisdiction. Here, as in Kontos, a vital factor is that we do not know "whether a Greek court would take jurisdiction over matters concerning a Liberian ship." At page 837. We think Judge Goodrich's reasoning in Kontos is equally apt here, and is decisive of the issue (at pages 837–838):

> "The problem is a difficult one. The Court thinks that the weight of argument is against sending these libelants elsewhere. * * *
>
> "It is true that if the case is tried in this country there will no doubt have to be interpretations of depositions taken in Greek and translated into English. But trial by deposition might well be necessary if the case is tried in Greece because if these witnesses are seamen there is no telling where they will be at any particular time. * * *
>
> "It should be remembered that the selection of the forum is in the first instance a matter where the plain-

tiff's choice is to be made and where, other things being equal, or nearly equal, it should control. If there is difficulty in proving the case and the libelants are unable to support their claim by adequate testimony, they will fail. That burden is on them. The conclusion, therefore, is that the balance of convenience indicates that the case should be retained here."

Since libellant's counsel at oral argument withdrew the third cause of action, it is unnecessary to consider respondents' exceptions thereto.

The only claim against respondent Texas Transport & Terminal Co., Inc., is under the third cause of action. Since that cause of action has been withdrawn, Texas' exceptions must be sustained and the amended libel dismissed as to it.