**EASTERN COMMERCIAL BANK, S.A.L.**

**v.**

**GENERAL MUTUAL, INC., Empire Mutual Insurance Company and Manhattan Casualty Company.**

Civ. A. No. 33236.

United States District Court
E. D. Pennsylvania.

Dec. 17, 1963.

John B. Brumbelow, of Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiff.

Charles W. Gross, of Gross & Ryan, Charles A. Lord and B. N. Richter, of Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., for Empire Mutual Ins. Co.

Benjamin R. Donolow, Philadelphia, Pa., for General Mutual, Inc.

Joseph H. Foster, of White & Williams, Philadelphia, Pa., for Manhattan Casualty Co.

BODY, District Judge.

Plaintiff, Eastern Commercial Bank, S.A.L. sues herein on a promissory note which was delivered in Switzerland by an agent of defendant, General Mutual, Inc. Certain guaranty agreements of defendants, Empire Mutual Insurance Company and Manhattan Casualty Company, were delivered at the same time and place.

It appears that Swiss law may govern the issues raised by plaintiff's motions for judgment on the pleadings and for summary judgment. Restatement of Conflicts, Sec. 311, 312, 315. Proof of foreign law, especially when that law is written in foreign language, is a problem for factual determination which may well require expert testimony. Wigmore on Evidence, 3d. Ed., Vol. 7, Sec. 2090a; Vol. 9, Sec. 2573; Tsangarakis v. Panama Steamship Co., Ltd., et al. 197 F. Supp. 704 (E.D.Pa.1961).

Therefore, plaintiff's motions are inappropriate at this time.

## ORDER

And now, this seventeenth day of December, 1963, in accordance with the foregoing Memorandum, it is ordered that plaintiff's motions for judgment on the pleadings and for summary judgment be and the same are hereby denied.