**LEO FEIST, INC.**

v.

**DEBMAR PUBLISHING COMPANY, Inc.,**
Chancellor Records, Inc., Bob Mar-
cucci and Peter DeAngelis.

Civ. A. No. 27800.

United States District Court
E. D. Pennsylvania.

May 18, 1964.

George E. Beechwood, J. Paul Erwin, Jr., Beechwood & Lovitt, Philadelphia, Pa., for plaintiff.

Harry R. Back, Philadelphia, Pa., Walter Hofer, New York City, for defendant.

KIRKPATRICK, District Judge.

This action for copyright infringement is now before the court upon the defendants' motion for summary judgment. The defendants contend that the matter is res judicata, having been judicially determined in their favor in a proceeding in the English courts.

The plaintiff is the owner of a copyrighted musical composition entitled "In a Little Spanish Town." The defendants admit publication, reproduction, and performance of a musical composition entitled "Why", which two compositions were the basis of the suit in England.

No question is raised as to privity, but the plaintiff asserts that the principle of res judicata is not applicable because the present suit is brought under the copyright laws of the United States. I must agree that the principle of res judicata cannot be applied since this suit is brought under the United States statute for infringements which occurred in the United States, whereas the English suit was brought under the English statute for different infringements which oc-

curred in England. However, there remains collateral estoppel.

 Under the English law copying, either conscious or subconscious, is required to support an action for copyright infringement. The same is true of the American law. It is also true of the law of both countries that if no copying occurs there can be no recovery for a coincidental similarity even though substantial.

The evidence before the court as to the English law consists of the record of the case tried there together with the opinions rendered by the judges of the English Court of Appeals, and an affidavit submitted by a qualified expert in support of this motion for summary judgment. The affidavit is repleat with arguments concerning the American law and the merits of this case which may be disregarded, but the statements in it concerning the law of England can be considered. No counter-affidavit as to the law of England was filed by the plaintiff and the mere assertion in its brief that the law is different cannot create an issue of fact. From all the evidence before me I conclude that there is no genuine issue on this point. The English court found as a fact that there was neither conscious nor subconscious copying. In making this finding the English court applied legal principles which, if different at all, are only very slightly different from those which would be applied in an American court. Unless the plaintiff can contest that fact finding in this court, the defendants must prevail here since without proof of copying, it cannot recover under the law of the United States.

 Under the conditions set forth by the Supreme Court in the case of Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95, the courts of the United States accord conclusive effect to matters litigated in foreign countries between the parties to a suit in America. It cannot be questioned that the courts of England meet these conditions.

An exception to this rule is that, if in any case there is a countervailing policy of the United States, such foreign judgments will not be recognized. However, I see no reason why the courts of this country in a case such as that before me should refuse to recognize the fact finding of an English court.

 In the case of foreign judgment there is as much reason to apply the doctrine of collateral estoppel to a fact litigated as to apply the doctrine of res judicata. Both doctrines are designed to put an end to litigation and rest on the same foundation. Since in a hotly contested lawsuit in England it has been determined that there was neither conscious nor subconscious copying and since this fact would dispose of the litigation before me, Arnstein v. Porter, 2 Cir., 154 F.2d 464; Fisher v. Dillingham, D.C., 298 F. 145, I am compelled to enter summary judgment in favor of the defendants.

The defendants' motion is granted.