**Valentin R. SANISIDRO**

v.

**DAMPSKISSELSKABET TORM, A/S.**

Civ. A. No. 42444.

United States District Court
E. D. Pennsylvania.

June 28, 1968.

Sidney Smolinsky, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

Harrison Kildare, Rawle & Henderson, Philadelphia, Pa., for defendant.

## OPINION

HIGGINBOTHAM, District Judge.

This is an action by a Spanish seaman for damages, unpaid wages and penalties arising out of injuries allegedly sustained while plaintiff was on board the Motorship ALICE TORM, on which he was employed as a seaman. The accident occurred while the vessel was berthed at the port of Philadelphia, on March 20, 1967.

Defendant has moved for summary judgment as to Counts 1, 3 and 4. For the following reasons the motions must be denied.

1. As to Count 1, defendant, citing Romero v. International Terminal Operating Co., 358 U.S. 354, 381–384, 79 S.Ct. 468, 485–486, 3 L.Ed.2d 368 (1959), urged that since the plaintiff is a citizen and resident of Spain, and signed on in Spain to a vessel of Danish ownership and registration, the Jones Act does not apply. As to the matter of the vessel's ownership, defendant has submitted the affidavit of one, I. Strauss, an officer of the firm which is the general agent of defendant in the United States. This affidavit states unequivocally that the "defendant is a Danish corporation which is solely owned, operated and controlled by foreign interests * * * not by American interests * * *." Plaintiff has submitted no counter-affidavit.

Plaintiff, however, has taken the deposition of Mr. Strauss and, at page 10, footnote 3 of its brief, points out that Mr. Strauss, at that time admitted that he had *no first hand knowledge* as to the ownership of the defendant.

Rule 56(e), F.R.Civ.P., states clearly that affidavits in support of a motion for summary judgment

" * * * shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * "

Counsel for defendant has not shown, nor do we believe he could show, how Mr. Strauss would be permitted to testify over plaintiff's hearsay objection.

In Dickheiser v. Pennsylvania R.R. Co., 5 F.R.D. 5 (E.D.Pa., 1945), affirmed on opinion below 155 F.2d 266 (3rd Cir., 1946), a stockholders' suit to enjoin the consummation of a settlement between their corporation and another, the corporation moved for summary judgment and filed certain affidavits in support thereof. On plaintiffs' motion to strike the affidavits on the ground that they "contain statements which are inadmissible as evidence upon trial * * * ", the Court ruled:

" * * * The rule requires that affidavits in support of a motion for summary judgment must contain evidence which would be admissible as testimony at trial. * * * Where the affidavit includes both competent and incompetent evidence, the Court should disregard the incompetent evidence but give full consideration to that which is competent. * * * "
5 F.R.D. at 9.

Similarly, in Hartmann v. Time, 64 F.Supp. 671 (E.D.Pa., 1946), Judge (now Circuit Judge) Kalodner held:

"I think it manifest that the affidavit, insofar as it records the statements of [a third party] * * * is of no probative force, since it is clearly hearsay, and must be disregarded under Rule 56(e), Federal Rules of Civil Procedure. * * * " 64 F.Supp. at 677.

This position finds support also in other Circuits, see Mercantile National Bank at Dallas v. Franklin Life Insurance Co., 248 F.2d 57, 59 (5th Cir., 1957); Bowen Electric Co. v. J. D. Hedin Construction Co., 114 U.S.App. D.C. 361, 316 F.2d 362 (1963), and in Professor Moore's Treatise, 6 Moore's Fed.Prac. ¶ 56.22[1], 2803 et seq. (2d ed.1965).

That plaintiff has chosen to stand on his pleading and the above stated inadequacy of defendant's affidavit does not affect the matter.

"It has always been perilous for the opposing party neither to proffer any countering evidentiary materials nor file a [Rule] 56(f) affidavit. And the peril rightly continues. Yet the party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required." 6 Moore's Fed.Prac., ¶ 56.22[2], 2824–2825 (2d ed.1965).

Since the affidavit is without probative force there remains a question as to the ownership of the vessel, and defendant's motion for summary judgment must be denied.

2. Defendant urges that Count 3 (penalties for failure to pay earned wages, pursuant to 46 U.S.C. §§ 595, 596) and Count 4 (maintenance and cure) are inconsistent with plaintiff's showing, in paragraphs 15 and 16 of the complaint, that Spanish law provides adequate compensation. However, Rule 8(e) (2) F.R.Civ.Pro., expressly allows pleading in the alternative, Tsangarakis v. Panama Steamship Co., 197 F.Supp. 704 (E.D.Pa., 1961); Empresa Agricola Chicama, Ltd. v. Amtorg Trading Corp., 57 F.Supp. 649 (S.D.N.Y., 1944), which pleading is necessarily inconsistent. 2A Moore's Fed.Prac. ¶ 8.32, 1888 et seq. (2d ed.1967), Tsangarakis, supra. Furthermore, as Judge Kraft held in Tsangarakis, it would be inconsistent with

the rule to require a party to make an election, at least at this early juncture, see 2A Moore's, supra, ¶ 8.32, 1889–90, and cases cited at note 7 therein.