Dorris E. NYE, Individually and as Administratrix Ad Prosequendum of the Estate of Charles W. Nye, Deceased, et al., Plaintiffs,

v.

A/S D/S SVENDBORG et al., Defendants.

A/S D/S SVENDBORG et al., Defendants and Third-Party Plaintiffs,

v.

MARINE ENGINE SPECIALTIES CORP., Third-Party Defendant.

No. 69 Civ. 141.

United States District Court, S. D. New York.

Feb. 21, 1973.

---

———◆———

Gair, Gair & Conason, New York City, for plaintiffs by Herman Schmertz, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants and third party plaintiffs by William P. Kain, Jr., Hollis M. Walker, Jr., New York City, of counsel.

GURFEIN, District Judge.

## MEMORANDUM

This is a civil non-jury action claiming unseaworthiness and negligence as the cause of the death of plaintiffs' deceased husband and father. He was a United States citizen who was a repairer of ship pumps and who was flown from New York to the Canary Islands to repair a pump on the defendant's vessel the t/t Evelyn Maersk ("Evelyn"), a Spanish flag ship. The Evelyn was equipped with feed pumps manufactured by Pacific Pumps ("Pacific") of Los Angeles, supplied to the vessel by Kockums Mekaniska Verkstad of Malmo, Sweden.

("Kockums"). On her maiden voyage, which made no call at United States ports, a feed pump failed and she put into the Canary Islands. Kockums was called by the vessel's owners and it ordered a new pump to be installed under the supervision of Pacific. In turn Pacific asked Marine Engine Specialties Corporation ("Marine") a U. S. entity and the employer of plaintiff's decedent, Nye, to fly him there to supervise the installation. While ascending a Jacob's ladder drawn over the side of the vessel Nye fell to his death.

The complaint, originally in the State Supreme Court was removed to this court on the ground of diversity of citizenship. The complaint alleges liability, in the alternative, under the laws of the United States, of Denmark and of the Canary Islands (Spain). The defendant alleged in its answer that the law of Denmark (the law of the flag) applies.

The defendant then sought to require the plaintiff to elect his choice of law in advance of trial or alternatively, for the court to split the issue of what law governs from the trial of the facts on liability and damages and to determine what law governs in advance of the main trial.

The defendant now agrees that the plaintiffs need not elect their choice of law in a pleading. See Tsangarakis v. Panama SS. Co., Ltd., 197 F.Supp. 704 (E.D.Pa.1961). The plaintiffs on the other hand have conceded that the court may properly determine the issue of what law governs in advance of the trial on liability. The parties have also stipulated the facts necessary for a resolution of the choice of law question, and the essential facts contained therein have been related above.

The court has been reluctant to determine the question of what law governs in the abstract without knowing to what extent such an exercise would effect different results, since there may be only minimal differences in the application of the several "laws". I therefore asked the parties to give me the

views of their foreign experts on the following questions:

1. What is the law of Denmark and Spain on liability for unseaworthiness to a non-crew member?

2. On liability for negligence to a non-crew member?

3. On whether contributory negligence results in divided damages?

4. Who has the burden of proof in contributory negligence?

5. Is there a difference in the measure of damages?

6. Does the representative of a deceased plaintiff who is not a crew member have an action for damages for an injury that resulted in death?

7. Is there any provision in such foreign law concerning which beneficiary may sue and recover?

8. Is there any decision in a Spanish or Danish court dealing with the liability of the owner of an *American* ship in similar circumstances?

There appears to be no serious disagreement on the answers under the law of Denmark (the law of the flag) and the law of Spain (lex loci). There is a death action for negligence resulting in wrongful death in which divided damages are assessed for contributory negligence, the burden of proving which is on the defendant. Elements of damage are quite close to U.S. standards.

With respect to the negligence claim, the law does not seem to be substantially different from federal law. There is a difference, however, with respect to the claim for unseaworthiness. Neither in Danish nor Spanish law does the absolute doctrine of unseaworthiness as defined by the Supreme Court apply.

If these preliminary reports on foreign law are correct, it means that if American law is applied the plaintiffs may recover in unseaworthiness even though they fail in negligence. On the other hand, if American law does not apply the plaintiffs must prevail by proving negligence or they will fail to recover.

The trial will be without a jury in this case because it has been earlier held that the plaintiffs have waived their right to trial by jury. In view of that I do not have to determine in advance the difficult question of what law governs by treating that as a separate issue under Rule 42(b), Fed.R.Civ.P. in advance of the trial. The facts relating to the claim of unseaworthiness will require no proof additional to proof of negligence. Since I do not have to give myself the kind of formal instructions I would have had to give a jury on the elements of unseaworthiness my ultimate determination can abide the event. So, for instance, if I should find negligence—apparently common to all the jurisdictions—I may not have to decide unseaworthiness under the standards of American law, and there may be no choice of law question left.

Accordingly, I reverse the procedure of an earlier trial on the governing law that was adopted in Tjonaman v. A/S Glittre, 340 F.2d 290 (2 Cir. 1965; by Stipulation) and First National Bank v. National Airlines, Inc., 288 F.2d 621 (2 Cir. 1961). Such a separate trial will be held, if necessary, *after* the trial of the issue of liability. In the first trial the plaintiffs will be permitted to prove their claim of unseaworthiness as well as their claims of negligence. If, at its conclusion I feel that I need further authorities on foreign law I shall direct argument or a hearing on the issue of what law governs, holding in abeyance the decision of the liability issue.

If such a second hearing comes to pass the parties will have an opportunity to argue the applicability of Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); and Symonette Shipyards, Ltd. v. Clark, 365 F.2d 464 (5 Cir. 1966), cert. denied 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1966).

While the choice of law question remains, counsel should assume the applicability of U. S. law and brief whether the plaintiffs' decedent is a "member of

the crew" under Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946) and Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953).