Joseph L. LOWELL

v.

**Russell L. WANTZ, d/b/a Schaad Detective Agency and Pennsylvania Security Officers Training Academy, Inc.**

Civ. A. No. 78–2880.

United States District Court,
E. D. Pennsylvania.

Jan. 8, 1980.

Richard J. Orloski, Stamberg, Caplan & Calnan, Allentown, Pa., for plaintiff.

Miles H. Shore, Philadelphia, Pa., for Pennsylvania Security Officers.

L. C. Heim, York, Pa., for Wantz.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant Pennsylvania Security Officers Training Academy, Inc. (The Academy) has moved for summary judgment. Plaintiff filed a memorandum in opposition to that motion along with three supporting affidavits. The Academy has now moved to strike those affidavits, and seeks to have plaintiff and his attorney held in contempt because of their content.

Affidavit No. 1 was executed by plaintiff's counsel, and states that the attached documents are true and correct copies.

These documents are letters, a magazine clipping, and a number of statutes and other public documents. Affidavit No. 2 was executed by plaintiff, and states that the attached document is a true and correct copy and details how that document is used. The document is a four-part application for a certificate of qualification to carry a lethal weapon. Affidavit No. 3 was executed by plaintiff, and details a number of facts which plaintiff believes constitute state action. This affidavit outlines the state's connection with the lethal weapons training in which plaintiff was involved, includes certain conclusions of law, and, also states that defendant's president was once arrested in connection with the revocation of the license of his lethal weapons training academy.

The Academy argues that affidavit No. 1 is improper because it contains information not within plaintiff's counsel's personal knowledge, the affidavit does not set forth that plaintiff's counsel is competent to testify to those facts, and because the testimony would be a violation of the Code of Professional Responsibility.[1] Further, The Academy contends that affidavit No. 2 is improper due to the affiant's lack of personal knowledge or competency to testify. The Academy's arguments concerning affidavit No. 3 are that it contains a number of conclusions of law, and that the reference to the arrest is "scandalous and impertinent." Finally, The Academy seeks to have plaintiff and his counsel held in contempt of court for these alleged improprieties.

▮▮▮ I disagree with most of The Academy's position. As to affidavit No. 1, the accuracy of the attached documents can be within the personal knowledge of the affiant. Furthermore, it is permissible, though not advisable, for an attorney to present his own affidavit in connection with a motion for summary judgment. *Inglett and Co. v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958). Finally, I note that most of

---

1. Fed.R.Civ.P. 56(e) states in pertinent part:

    (e) *Form of Affidavits; Further Testimony; Defense Required.* Supporting and opposing affidavits shall be made on personal knowl- edge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

the documents attached to affidavit No. 1 are matters of public record, and were submitted solely for my convenience. While matters of public record are technically not proper subjects of affidavits, see Fed.R. Civ.P. 56(e), affidavit No. 1 does not evidence submission in bad faith as defendant contends. Viewed as a whole, I consider affidavit No. 1 unobjectionable.

Affidavit No. 2 is likewise proper. The documents attached are application forms for lethal weapons qualification certificates. Plaintiff certainly had personal knowledge of the nature and purpose of these documents through his employment as a lethal weapons instructor, and simply stated in his affidavit when and how these documents were used. While no affirmative statements concerning plaintiff's qualification to testify about these matters were included in the affidavit, plaintiff's background is well known to me in light of the pendency of this case. Also I note the federal policy against overly strict construction of the Federal Rules of Civil Procedure as to the form in which documents are to be submitted. Cf. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Academy makes two different contentions concerning affidavit No. 3. It argues that ¶ 18 is scandalous and impertinent because that paragraph states that The Academy's president was arrested in connection with a revocation of its license. Plaintiff argues that this arrest would be admissible at trial under Fed.R.Evid. 404(b) to show motive, plan, or knowledge. Since plaintiff has alleged a conspiracy in this case, this is a colorable position, and thus inclusion of ¶ 18 in affidavit No. 3 does not constitute bad faith. The Academy also argues that affidavit No. 3 contains conclusions of law. Paragraphs 12, 13, 14 and 22 of affidavit No. 3 are essentially conclusions of law, and thus should be disregarded. Bensen v. Jackson, 238 F.Supp. 309, 313 (E.D.Pa.1965); Leo Feist, Inc. v. Debmar Publishing Co., 232 F.Supp. 623, 624 (E.D. Pa.1964). Otherwise I find affidavit No. 3 unobjectionable.

Fed.R.Civ.P. 56(g) authorizes me to adjudge affiants guilty of contempt if they submit affidavits in bad faith or solely for the purpose of delay. For the reasons stated above, I cannot make that finding. Thus the conclusions of law in affidavit No. 3 are stricken, and the rest of the affidavits are accepted as submitted. No sanctions will be imposed in connection with the submission of the affidavits.