**William CROCKETT and Shirley Crockett, h/w**

v.

**JOHNS–MANVILLE CORP., et al.**

**Civ. A. No. 81–1268.**

United States District Court, E.D. Pennsylvania.

Oct. 11, 1984.

Gene Locks, Philadelphia, Pa., for plaintiffs.

Robert M. Britton, Robert St. Ledger Goggin, Patrick T. Ryan, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this Court is defendant Jaquays Asbestos Company's motion for

summary judgment pursuant to Fed.R. Civ.P. 56.

Plaintiffs, Mr. & Mrs. Crockett, in their complaint basically allege that the defendant here was a supplier of asbestos to the company which Mr. Crockett worked for, Raybestos-Manhattan, Inc. Mr. Crockett contends that as a consequence of being exposed in the work place to asbestos, he suffered injury. Mrs. Crockett's claim is based upon the fact that she came into contact with the asbestos through Mr. Crockett's clothing; because of this contact, she has suffered injury.

Conversely, defendant asserts that the asbestos it supplied plaintiff's employer was consumed prior to plaintiff's employment, and that it did not supply the employer with asbestos after plaintiff commenced employment.

█ Defendant has submitted to this Court a purported deposition of James Brosey. This deposition was taken in September, 1980. The deposition was not taken in anticipation of this action, but was taken during discovery in *Kohr v. Johns-Manville Corp.*, 534 F.Supp. 256 (E.D.Pa.1982). Plaintiffs were not represented nor were they in privity with either party, when the deposition was taken. Therefore, plaintiffs here had no opportunity for cross examination. Certainly it would be unfair to admit, for consideration in a summary judgment motion, this document against plaintiff. *Hoover v. Switlik Parachute Company*, 663 F.2d 964 (9th Cir.1981); *Roucher v. Traders & General Insurance Co.*, 235 F.2d 423 (5th Cir.1956).

However, the deposition may be considered as an affidavit offered in support of a motion for summary judgment. *Hoover, supra.* Further defendant's attorney has submitted a verification as to the truthfulness of the deposition. Therefore, at this point, the Court will view the deposition as an affidavit in support of defendant's motion. Conversely, plaintiffs have not tendered any opposing affidavits to the Court, but merely offers argument on how defendant's affidavit can be interpreted.

Rule 56(e) states clearly:

Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matter stated therein ... (emphasis added)

█ It may be permissible, but not advisable, for an attorney to present his own affidavit for a motion for summary judgment. *Inglett & Company v. Everglades Fertilizer Co.*, 255 F.2d 342 (5th Cir.1958); *Lowell v. Wantz*, 85 F.R.D. 290 (E.D.Pa. 1980). However, here the more serious problem is the hearsay contained within this affidavit. The defendant's attorney has submitted a verification of the statement of third parties who in turn rely upon fourth parties characterization of certain business transactions. I do not know of an exception to the hearsay rule which would permit admission of such information into evidence. Therefore, this affidavit does not conform to the expressed requirements of Rule 56(e); accordingly, this Court must reject the affidavit. *Mercantile National Bank at Dallas v. Franklin Life Insurance Company*, 248 F.2d 57, 59 (5th Cir. 1957); *Sanisidro v. Dampskisselskabet Torm A/S*, 45 F.R.D. 29 (E.D.Pa.1968).

█ The question still remains as to whether the asbestos supplied by the defendants was present when plaintiff commenced work with Raybestos-Manhattan, Inc. The party moving for summary judgment carries the burden to establish that no dispute as to the facts exists. Because the defendant has failed to do this, its motion must be denied.